**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BAY PLAZA PROPERTIES, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08-198L |
| vs. | ) | |
| | ) | Hon. Judge Lawrence M. Baskir |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF INDIRECTLY RELATED CASE PURSUANT TO RULE 40.2(b)**

COME NOW Plaintiffs, pursuant to RCFC 40.2 (b), and in support of their Notice of Indirectly Related Case, hereby state as follows:

1. Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Rule 40.2 (b), "Whenever it appears to a party that there are two or more cases before the court that present common issues of fact and that transfer, consolidation, or the adoption of a coordinated discovery schedule would significantly promote the efficient administration of justice, the party may file a Notice of Indirectly Related Case(s)."

***Bird Bay v. United States*, *Rogers v. United States*, and the Immediate Case Present Common Issues of Law and Fact on The Issue of The Government's Liability**

2. The immediate case, *Bay Plaza Properties, LLC v. United States*, No. 08-198 is a claim brought pursuant to the Fifth Amendment and the Tucker Act by thirty-two owners of property in Sarasota County, Florida seeking compensation for the property taken from them when the abandoned Sarasota County railroad easement was converted to interim trail use and preserved for possible reactivation as a railroad corridor under

Section 8 (d) of the 1983 amendments to the National Trails System Act, 16 U.S.C. §1247(d) ("Trails Act").

3. The named Plaintiffs in *Bay Plaza Properties, LLC* are the owners of thirty-seven parcels of properties in Sarasota County, Florida and they have chosen to not participate as an opt-in class member in the *Rogers v. United States* action but to rather proceed separately in this case as a non-class action proceeding.

4. While the Plaintiffs' properties present unique issues related to assessing the particular damages each Plaintiff has suffered by reason of this taking, they share common issues on the threshold question of the government's liability with those presently before the court in *Rogers* and *Bird Bay*.

5. The Plaintiffs desire to have this matter resolved in a prompt and cost efficient manner and consolidation of this action with the pending *Rogers* and *Bird Bay* cases should not delay the resolution of *Bird Bay* or *Rogers* and will provide for the prompt and cost efficient resolution of this action.

6. Consolidating this matter with *Rogers* and *Bird Bay* for resolution of the common issues of Florida law and fact related to determination of the federal government's liability for a taking of the property interest will serve the interest of efficient and cost-effective administration of justice and substantially reduce the costs and expenses in both cases and conserve judicial resources.

WHEREFORE, the Plaintiffs request that, pursuant to RCFC 40.2 (b), *Bay Plaza Properties, LLC, v. United States*, No. 08-108, *Rogers v. United States*, No. 07-273, and *Bird Bay v. United States*, No. 07-426 be consolidated for resolution of the common issues of law and fact related to a determination of whether the federal government is

obligated to pay the Plaintiff property owners "just compensation" for a taking of their property when an easement for interim public-access recreational trail use and an easement for the possible reactivation as a future railroad corridor was created by operation of the Trails Act and the STB's issuance of a NITU on April 2, 2004.

Respectfully submitted,

LATHROP & GAGE, L.C.

Date: March 21, 2008

By: /s/ Mark F. (Thor) Hearne, II
MARK F. (THOR) HEARNE, II
LINDSAY S.C. BRINTON
MEGHAN S. LARGENT
The Equitable Building
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
Telephone: (314) 613-2500
Facsimile: (314) 613-2550

*Attorney for Plaintiffs*

STLDOCS 215534v1