**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BAY PLAZA PROPERTIES, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08-198 |
| vs. | ) | |
| | ) | Hon. Lawrence M. Baskir |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | ADR Judge: Marian Blank Horn |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RCFC 56(a)**

COME NOW, Plaintiffs, by and through their undersigned counsel, file with this Court their Motion for Leave to File Motion for Partial Summary Judgment Pursuant to RCFC 56(a). In support of their Motion, Plaintiffs state as follows:

1. On March 21, 2008, the Plaintiffs filed the present action seeking "just compensation" pursuant to the Tucker Act, 28 U.S.C. § 1491(a), for the taking of their property when the federal Trails Act, 16 U.S.C. § 1247(d), precluded the Plaintiffs from regaining their "reversionary" right to their land in Sarasota County, Florida and imposed two new easements upon the Plaintiffs' land, one for a public-access recreational trail and a second easement for possible future railroad use.

2. This action involves the same Notice of Interim Trail Use ("NITU") issued by the Surface Transportation Board on April 2, 2004 and the same former railroad corridor that is at issue in *Rogers v. United States*, No. 07-273, and *Bird Bay v. United States*, No. 07-426.

3. This claim involves the claims of thirty-two property owners that have elected to not participate as an opt-in class member in *Rogers* but who seek to present their claim for compensation in this action separate from the class action.

4. The Plaintiffs have filed a Motion for Re-Assignment to transfer this case to Judge Williams and to have this case consolidated for briefing on the threshold question of the government's liability for a taking of property by operation of the Trails Act. (Docket No. 5).

5. On December 14, 2007, Judge Williams issued her order consolidating the *Rogers* and *Bird Bay* cases for briefing on the issue of liability. (Docket No. 38 in *Rogers*, No. 07-273).

6. In both *Rogers* and *Bird Bay* there is a pending motion for partial summary judgment. (Docket No. 23 in *Rogers*, and Docket No. 12 in *Bird Bay*).

7. The motion for partial summary judgment in this case is essentially the same as that pending in *Rogers* and *Bird Bay*.

8. RCFC 56(a) provides, "A party seeking to recover upon a claim or counterclaim or to obtain a declaratory judgment may, at any time after the expiration of 60 days from the commencement of the action in this court or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in such party's favor upon all or any part thereof."

9. In order to consolidate this case with the *Rogers* and *Bird Bay* cases on the threshold issue of the government's liability, Plaintiffs request leave to file the attached motion for partial summary judgment without necessity of waiting until 60 days after the complaint was filed as provided by RCFC 56(a).

10. Filing the motion for partial summary judgment in this action at this time will allow this case to be consolidated with *Rogers* and *Bird Bay* and to proceed to a cost-efficient and timely resolution of the common threshold issue of the government's liability.

Respectfully submitted,

LATHROP & GAGE, L.C.

Date: March 26, 2008

By: /s/ Mark F. (Thor) Hearne, II

MARK F. (THOR) HEARNE, II
LINDSAY S.C. BRINTON
MEGHAN S. LARGENT
The Equitable Building
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
Telephone: (314) 613-2500
Facsimile: (314) 613-2550

*Attorney for Plaintiffs*