**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BAY PLAZA PROPERTIES, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08-198 |
| vs. | ) | |
| | ) | Hon. Lawrence M. Baskir |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | ADR Judge: Marian Blank Horn |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW, Plaintiffs, by and through their undersigned counsel, and pursuant to RCFC 56, *Celotex Corporation v. Cattrett*, 477 U.S. 317 (1986), and *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986), file with this Court their Motion for Partial Summary Judgment in favor of Plaintiffs and adverse to and against the U.S. Government on the issue of liability for taking the Plaintiffs' property by operation of the Trails Act (16 U.S.C. § 1241) without paying "just compensation" as required by the Fifth Amendment to the United States Constitution.

As demonstrated in the Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment, incorporated herein and filed simultaneously herewith, there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law. Pursuant to RCFC 56(d)(1), Plaintiffs also incorporate herein and simultaneously file their Proposed Findings of Uncontroverted Facts. For their Motion for Partial Summary Judgment, Plaintiffs state as follows:

1. In 1910, eight property owners granted the Seaboard Air Line Railway ("Seaboard") easements for a right-of-way upon which to operate a railroad across their property. These easements expressly limited the right to use the property to the operation

of a railroad. It was on the basis of these grants of an easement that the Seaboard constructed the approximately twelve and one-half mile long railroad line between Sarasota, Florida and Venice, Florida.

2. The Plaintiffs are the successors in title to the original property owners that granted the rights-of-way to Seaboard. Each of the Plaintiffs held fee title to their property abutting and underlying the former Seaboard right-of-way on April 2, 2004.

3. Seaboard's successor railroad, CSX and Seminole Gulf Railroad, LP, ("SGLP") abandoned the railroad easement in 2004.

4. On April 2, 2004, the Surface Transportation Board ("STB") pursuant to the Trails Act issued a Notice of Interim Trail Use or Abandonment ("NITU") which precluded the Plaintiffs' reversionary rights to their property, converted the abandoned railroad right-of-way into a public-access recreational trail, and imposed an easement for future possible railroad across the Plaintiffs' property.

5. The Trails Act operates to preclude or preempt the abandonment and reversion of a railroad right-of-way that would have otherwise occurred by operation of state law.

6. The rights that property owners enjoy to their property are defined by state law, in this case Florida law.

7. Under Florida law, a railroad easement is abandoned when the property is no longer used for a railroad purpose; a "railroad purpose" does not include a public-access recreational trail.

8. When the Trails Act precludes a property owner from enjoying that owner's "reversionary" right to property, which the owner enjoys under state law, it is a

*per se* taking of that property owner's land for which the Fifth Amendment requires the federal government to pay "just compensation."

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court grant partial summary judgment in their favor and adverse to and against the U.S. Government, finding that the federal government has taken the Plaintiffs' property by operation of the Trails Act (16 U.S.C. § 1241) and that by reason of the Fifth Amendment to the United States Constitution, Plaintiffs are entitled to "just compensation," and that pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§4651-4655, the Plaintiffs are entitled to their costs, attorneys' fees, and expenses of this action, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

LATHROP & GAGE, L.C.

Date: March 26, 2008

By: /s/ Mark F. (Thor) Hearne, II

MARK F. (THOR) HEARNE, II
LINDSAY S.C. BRINTON
MEGHAN S. LARGENT
The Equitable Building
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
Telephone: (314) 613-2500
Facsimile: (314) 613-2550

*Attorney for Plaintiffs*