# APPENDIX TO

# PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

# <u>APPENDIX 1</u>:

## A Description of the Plaintiffs' Property

1. <u>Bay Plaza Properties, LLC</u>

Bay Plaza Properties, LLC ("Bay Plaza") acquired fee title to its property in Sarasota County, Florida on July 1, 1998.[1] Bay Plaza's property includes fee title to approximately 308 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.[2] On April 2, 2004 (the NITU date), Bay Plaza was fee owner of this property with Parcel Identification Number 0406-15-0002.[3]

2. <u>Bee Ridge, LLC</u>

Bee Ridge, LLC ("Bee Ridge") acquired fee title to its property in Sarasota County, Florida on August 21, 2003.[4] Bee Ridge's property includes fee title to approximately 625 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future

---

[1] Bay Plaza acquired title to its property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office on July 2, 1998 by Instrument Number 1998087387. A copy of the deed by which Bay Plaza acquired title to its property is attached as "Tab 10." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 20).

[2] A copy of a survey for Bay Plaza is attached as "Tab 11." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 21).

[3] A copy of the Sarasota County Appraiser report for this property is attached as "Tab 12." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 22).

[4] Bee Ridge acquired title to its property by that special warranty deed recorded in the Sarasota County Recorder of Deeds' Office on August 28, 2003 by Instrument number 2003173977. A copy of the deed by which Bee Ridge acquired title to its property is attached as "Tab 13." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 23).

railroad reactivation.[5] On April 2, 2004 (the NITU date), Bee Ridge was fee owner of this property with Parcel Identification Number 0070-02-0029.[6]

3. Calusa Lakes Community Association, Inc.

Calusa Lakes Community Association, Inc. ("Calusa Lakes") acquired fee title to its property in Sarasota County, Florida on October 1, 2003.[7] Calusa Lakes' property includes fee title to approximately 1,200 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.[8] On April 2, 2004 (the NITU date), Calusa Lakes was fee owner of this property located in Plat Book 35, Page 34-B with Parcel Identification number 0162-01-0056.[9]

4. Cramer Motors, Inc.

Cramer Motors, Inc. ("Cramer Motors") acquired fee title to property in Sarasota County, Florida on July 9, 1993[10] and October 30, 2001.[11] Both properties together include fee title to a

---

[5] A copy of a survey for Bee Ridge is attached as "Tab 14." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 24).

[6] A copy of the Sarasota County Appraiser report for this property is attached as "Tab 15." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 25).

[7] Calusa Lakes acquired title to its property by that quit claim deed recorded in the Sarasota County Recorder of Deeds' Office by Instrument number 200319979. A copy of the quit claim deed by which Calusa Lakes acquired title to its property is attached as "Tab 16." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 26).

[8] A copy of the plat for Calusa Lakes is attached as " Tab 17." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 27).

[9] *See id.*

[10] Cramer Motors acquired title to its property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office on July 23, 1993, in Book 2530, Page 632 (currently identified as Parcel Identification Number 0427-12-0002). A copy of this warranty deed is attached as "Tab 18." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 29).

total of over 800 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. On April 2, 2004 (the NITU date), Cramer Motors was fee owner of these properties with Parcel Identification Numbers 0427-12-0002 and 0427-13-0018.[12]

5. Florida Broadacre Trailer Lodge, Inc.

Florida Broadacre Trailer Lodge, Inc. (formerly known as "Broad Acre Trailer Lodge, Inc.) ("Broadacre") acquired fee title to its property in Sarasota County, Florida on July 1, 1969.[13] Broadacre's property includes fee title to approximately 1,263 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. On April 2, 2004 (the NITU date), Broadacre was fee owner of this property with Parcel Identification Number 0052-11-0001.[14]

---

[11] Cramer Motors acquired title to its property by that warranty deed recorded on October 30, 2001 by instrument number 2001156734 (currently identified as Parcel Identification Number 0427-13-0018). A copy of this warranty deed is attached as "Tab 19." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 29).

[12] A copy of the Sarasota County Appraiser reports for these properties are attached respectively as "Tab 20" and "Tab 21." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 31).

[13] Broadacre acquired title to its property by that mortgage deed recorded in the Sarasota County Recorder of Deeds' Office in the Official Records 798, Page 775. A copy of the mortgage deed by which Broadacre acquired title to its property is attached as "Tab 22." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 32).

[14] A copy of the Sarasota County Appraiser report for this property is attached as "Tab 23." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 34).

6. Florida Rock Concrete, Inc.

Florida Rock Concrete, Inc. ("Florida Rock") acquired fee title to property in Sarasota County, Florida on August 31, 2001.[15] Florida Rock's property includes fee title to approximately 425 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.[16] On April 2, 2004 (the NITU date), Florida Rock was fee owner of this property with Parcel Identification Number 0097-05-0017.[17]

7. Kimal Lumber Company

Kimal Lumber Company ("Kimal Lumber") acquired fee title to property in Sarasota County, Florida on January 1, 1986.[18] Kimal Lumber's property includes fee title to approximately 445 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational

[15] Florida Rock acquired title to its property in Sarasota County, Florida by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office by Instrument Number 2001172643 on November 29, 2001. A copy of the warranty deed by which Florida Rock acquired its property is attached as "Tab 24." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 35).

[16] A copy of a survey for this property is attached as "Tab 25." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 36).

[17] A copy of the Sarasota County Property Appraiser's report for this property is attached as "Tab 26." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 37).

[18] Kimal Lumber acquired title to its property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Original Records 1839, Page 2265. A copy of the warranty deed by which Kimal Lumber acquired title to its property is attached as "Tab 27." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 38).

trail and possible future railroad reactivation.[19] On April 2, 2004 (the NITU date), Kimal Lumber was fee owner of this property with Parcel Identification Number 0405-03-0016.[20]

8. Pine Ranch East Owners Association, Inc.

Pine Ranch East Owners Association, Inc. ("Pine Ranch East") acquired fee title to property in Sarasota County, Florida on May 8, 1991.[21] Pine Ranch East's property includes fee title to approximately 2,392 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. On April 2, 2004 (the NITU date), Pine Ranch East was fee owner of this property with located in Plat Book 33, Page 12.[22]

9. Post Office Properties, Inc.

Post Office Properties, Inc. ("Post Office Properties") acquired fee title to property in Sarasota County, Florida on July 1, 1994.[23] Post Office Properties' property includes fee title to approximately 492 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational

---

[19] A copy of a survey for this property is attached as "Tab 28." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 39).

[20] A copy of the Sarasota County Property Appraiser's report for this property is attached as "Tab 29." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 40).

[21] Pine Ranch East acquired title to its property by that general warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Book 2297, Page 762. A copy of the general warranty deed by which Pine Ranch East acquired title to its property is attached as "Tab 30." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 41).

[22] A copy of the plat for Pine Ranch East is attached as "Tab 31." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 43).

[23] Post Office Properties acquired title to its property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Book 2648, Page 981. A copy of the warranty deed by which Post Office Properties acquired title to its property is attached as "Tab 32." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 44).

trail and possible future railroad reactivation. On April 2, 2004 (the NITU date), Post Office Properties was fee owner of this property with Parcel Identification Number 0070-07-0039.[24]

10. Public Storage

Public Storage acquired fee title to its property in Sarasota County, Florida on June 27, 1996.[25] Public Storage's property included fee title to approximately 200 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.[26] On April 2, 2004 (the NITU date), Public Storage was fee owner of this property with Parcel Identification Number 0428-03-0006.[27]

11. Pulte Home Corporation

Pulte Home Corporation ("Pulte") acquired fee title to its property in Sarasota County, Florida on October 22, 2003.[28] Pulte's property included fee title to approximately 2,572 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future

---

[24] A copy of the Sarasota County Appraiser report for this property is attached as "Tab 33." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 46).

[25] Public Storage acquired title to its property by that warranty deed recorded on July 1, 1996 in the Sarasota County Recorder of Deeds' Office, Book 2868, Page 2691. A copy of the warranty deed by which Public Storage acquired its property is attached as "Tab 34." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 47).

[26] A copy of the survey for Public Storage's property is attached as "Tab 35." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 48).

[27] A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 36." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 49).

[28] Pulte acquired title to its property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office on October 23, 2003 by Instrument Number 2003215445. A copy of the warranty deed by which Pulte acquired title to its property is attached as "Tab 37." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 50).

railroad reactivation.[29] On April 2, 2004 (the NITU date), Pulte was fee owner of this property with Parcel Identification Number 0115-04-0001. Pulte subsequently sold this property to Arielle on Palmer Ranch Community Association, Inc. on December 23, 2005.[30]

12. Sarasota Investment Company, Inc.

Sarasota Investment Company, Inc. ("SIC") acquired fee title to property in Sarasota County, Florida on June 26, 1979.[31] SIC's property includes fee title to approximately 184 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. On April 2, 2004 (the NITU date), SIC was fee owner of this property with Parcel Identification Number 0070-07-0059.[32]

13. Southern Spring & Stamping, Inc.

Southern Spring & Stamping, Inc. ("Southern Spring") acquired fee title to property in Sarasota County, Florida on September 1, 1957.[33] Southern Spring's property includes fee title to approximately 700 feet of property lying on the eastern side of the centerline of the abandoned

---

[29] A copy of a survey for the property formerly owned by Pulte is attached as "Tab 38." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 51).

[30] A copy of the quit claim deed conveyed by Pulte Home is attached as "Tab 39." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 53).

[31] SIC acquired title by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office on June 28, 1979 in the Official Records 1314, Page 1306. A copy of the warranty deed by which SIC acquired title to its property is attached as "Tab 40." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 54).

[32] A copy of the Sarasota County Appraiser report for this property is attached as "Tab 41." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 56).

[33] Southern Spring acquired title to its property by that indenture recorded in the Sarasota County Recorder of Deeds' Office on November 22, 1957 in the Official Records 64, Page 147. A copy of the indenture by which Southern Spring acquired its property is attached as "Tab 42." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 57).

SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. On April 2, 2004 (the NITU date), Southern Spring was fee owner of this property with Parcel Identification Number 0407-07-0001.[34]

14. Stoneybrook Golf & Country Club of Sarasota, Inc.

Stoneybrook Golf & Country Club of Sarasota, Inc. ("Stoneybrook") acquired fee title to property in Sarasota County, Florida on August 8, 1998.[35] Stoneybrook's property includes fee title to over 3,000 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. On April 2, 2004 (the NITU date), Stoneybrook was fee owner of this property with Parcel Identification Number 0134-04-0001.[36]

15. Tournament Players Club at Prestancia, Inc.

Tournament Players Club at Prestancia, Inc. ("TPC") acquired its property in Sarasota County, Florida on January 29, 1992.[37] TPC's property includes fee title to approximately 4,800 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible

---

[34] A copy of the Sarasota County Appraisal report for this property is attached as "Tab 43." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 59).

[35] Stoneybrook acquired title to its property by that special warranty deed in the Sarasota County Recorder of Deeds' Office on August 6, 1998 by Instrument number 1998105025. A copy of the special warranty deed by which Stoneybrook acquired its property is attached as "Tab 44." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 60).

[36] A copy of the Sarasota County Appraisal report for this property is attached as "Tab 45." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 62).

[37] TPC acquired its property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office on January 29, 1992, in Book 2392, Page 1931. A copy of the warranty deed by which TPC acquired its property is attached as "Tab 46." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 63).

future railroad reactivation. On April 2, 2004 (the NITU date), TPC was fee owner of this property with Parcel Identification Number 0113-01-0100.[38]

16. Trinity Chapel of Sarasota, Inc.

Trinity Chapel of Sarasota, Inc. (formerly known as Trinity Church of God of Sarasota, Inc.) ("Trinity Chapel") acquired fee title to property in Sarasota County, Florida on February 15, 1978.[39] Trinity Chapel's property includes fee title to approximately 457 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. On April 2, 2004 (the NITU date), Trinity Chapel was fee owner of this property with Parcel Identification Number 0060-14-0076.[40]

17. Triple Diamond Commercial Properties, LLC

Triple Diamond Commercial Properties, LLC ("TDCP") acquired fee title to property in Sarasota County, Florida on May 1, 2002.[41] TDCP's property includes fee title to approximately 700 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and

[38] A copy of the Sarasota County Appraisal report for this property is attached as "Tab 47." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 65).

[39] Trinity Chapel acquired title to its property by that indenture recorded in the Sarasota County Recorder of Deeds' Office in Official Records 1221, Page 1512. A copy of the indenture by which Trinity Chapel acquired title to its property is attached as "Tab 48." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 66).

[40] A copy of the Sarasota County Appraisal report for this property is attached as "Tab 49." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 68).

[41] TDCP acquired title to its property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office by Instrument Number 2002081911 recorded on May 20, 2002. A copy of the warranty deed by which TDCP acquired title to its property is attached as "Tab 50." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 69).

possible future railroad reactivation. On April 2, 2004 (the NITU date), TDCP was fee owner of this property with Parcel Identification Number 0406-11-0007.[42]

18. Venice Plaza Ltd.

Venice Plaza, Ltd. ("Venice Plaza") acquired fee title to property in Sarasota County, Florida on February 14, 1996.[43] Venice Plaza's property includes fee title to approximately 760 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.[44] On April 2, 2004 (the NITU date), Venice Plaza was fee owner of this property with Parcel Identification Number 0407-02-0001.[45]

19. West Coast Inland Navigation District

West Coast Inland Navigation District ("WCIND") acquired title to its property in Sarasota County, Florida by a federal Order of Taking, Law No. 6871 on December 18, 1964.[46] WCIND's property includes fee title to approximately 556 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement

---

[42] A copy of the Sarasota County Appraisal report for this property is attached as "Tab 51." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 71).

[43] Venice Plaza acquired title to its property by that special warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Book 2822, Page 1733. A copy of the special warranty deed by which Venice Plaza acquired title to its property is attached as "Tab 52." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 72).

[44] A copy of a survey for Venice Plaza's property is attached as "Tab 53." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 73).

[45] A copy of the Sarasota County Appraisal report for this property is attached as "Tab 54." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 74).

[46] A copy of the WCIND official right-of-way maps are attached collectively as "Tab 55." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 75).

for an interim public-access recreational trail and possible future railroad reactivation.[47] WCIND was fee owner of this property with Parcel Identification Number 0407-11-0007 on April 2, 2004 (the date of the NITU).[48]

20. Louis L. Alderman

Louis L. Alderman and his wife, Lilli I. Alderman, acquired fee title to their home in Sarasota County, Florida on April 14, 1980.[49] Ms. Alderman died on April 19, 1983,[50] leaving Mr. Alderman as sole owner of this property. Mr. Alderman's property includes fee title to approximately 697 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.[51] Mr. Alderman was fee owner of this property with Parcel Identification Number 0071-09-0002 on April 2, 2004 (the date of the NITU).[52]

21. Alexandrine Boswell

Alexandrine Boswell acquired fee title to her property in Sarasota County, Florida on December 2, 1970 by that warranty deed recorded in the Sarasota County Recorder of Deeds'

---

[47] A copy of a survey for WCIND's property is attached as "Tab 56." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 76).

[48] A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 57." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 77).

[49] The Alderman's acquired title to their home by that quit-claim deed recorded on April 16, 1980 in the Sarasota County Recorder of Deeds' Office in Original Records 1366, Page 1579. A copy of the quit-claim deed by which the Aldermans acquired title to their home is attached as "Tab 58." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 78).

[50] A copy of Ms. Alderman's death certificate is attached as " Tab 59." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 78).

[51] A copy of a survey for Mr. Alderman's property is attached as "Tab 60." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 79).

[52] A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 61.") (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 80).

Office on December 2, 1970 in Sarasota County Official Records 868, Page 832.[53] Ms. Boswell's property includes fee title to approximately 800 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. Ms. Boswell's property was subsequently sub-divided into Parcel Identification Numbers 0061-03-0002 and 0061-03-0004. Ms. Boswell was fee owner of both of these properties on April 2, 2004 (the date of the NITU).[54]

22. Ann Converse, Susan J. Beltran, Cathy C. Siano, and Sandy Chestnutt

Gino L. Cantele and Audrey H. Cantele, as Co-Trustees of the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement dated September 28 ("Cantele Living Trust"), 1994, acquired fee title to property in Sarasota County, Florida on May 30, 2002.[55] On June 2, 2004, Gino L. Cantele died, leaving Audrey H. Cantele as the Personal Representative of the Estate of Mr. Cantele and the Trustee of the Cantele Living Trust.[56]

Ann Converse, Susan J. Beltran, Sandy Chestnutt, and Cathy Siano are the children of Mr. Cantele ("children"). According to the terms of the Cantele Living Trust, upon the death of

[53] A copy of the deed by which Ms. Boswell acquired her property is attached as "Tab 62." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 81).

[54] A copy of the Sarasota County Appraiser reports are attached respectively as "Tab 63" and "Tab 64." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 83).

[55] The Cantele Living Trust acquired title to its property by that special warranty deed recorded by Instrument Number 2002096399 on June 13, 2002. A copy of the special warranty deed by which the Cantele's acquired title to their property is attached as "Tab 65." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 84).

[56] A copy of Mr. Cantele's death certificate is attached as "Tab 66." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 85).

Mr. Cantele, the assets of the his trust were to be distributed with 20% going to each of the four children and 20% going to Ms. Cantele.[57]

On August 24, 2006, Ms. Converse accepted her appointment as Successor Personal Representative of Mr. Cantele's Estate and as Successor Trustee of the Cantele Living Trust.[58] On October 7, 2006, Ms. Cantele resigned as Personal Representative of Mr. Cantele's Estate and as Trustee of the Cantele Living Trust.[59] On October 31, 2006, Ms. Cantele and the four children entered into a Settlement Agreement whereby Ms. Cantele agreed to resign as personal representative of Mr. Cantele's estate and as trustee of the Cantele Living Trust. This Agreement also provided that the children would buy Ms. Cantele's interest in the trust and Mr. Cantele's Estate.[60]

The four children, Ms. Converse, Ms. Beltran, Ms. Chestnutt, and Ms. Siano are the successor beneficiaries of the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement dated September 28. The Cantele Living Trust's property included fee title to approximately 394 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and

---

[57] A copy of the Cantele Living Trust is attached as "Tab 67." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 87).

[58] A copy of Ms. Converse's Acceptance by Successor Personal Representative is attached as "Tab 68" and a copy of Ms. Converse's Acceptance by Successor Trustee is attached as "Tab 69." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 88).

[59] A copy of Ms. Cantele's Resignation as Personal Representative is attached as "Tab 70" and a copy of Ms. Cantele's Resignation as Trustee is attached as "Tab 71." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 89).

[60] A copy of this Settlement Agreement is attached as "Tab 72." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 90).

possible future railroad reactivation. The Cantele Living Trust was fee owner of this property with Parcel Identification Number 0097-04-0016 on April 2, 2004 (date of the NITU).[61]

23. Patricia M. Davids

Patricia M. Davids' father, R.J. Martindale, originally acquired property in Sarasota County, Florida on August 8, 1944.[62] On April 27, 1955, Mr. Martindale transferred title to himself and Lucile Martindale (Ms. Davids' mother), as husband and wife, by that indenture recorded in the Sarasota County Recorder of Deeds' Office in Book 348, Page 83.[63] Ms. Davids subsequently acquired title to this property on April 1, 1977 after her mother's death.

Ms. David's property includes fee title to approximately 700 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. Ms. Davids was fee owner of this property with Parcel Identification Number 0165-09-0032 on April 2, 2004 (the date of the NITU).[64]

---

[61] As successor beneficiaries to the Cantele Living Trust, Ms. Converse, Ms. Beltran, and Ms. Chestnutt each conveyed an undivided one-fourth (1/4) interest in the property to Canco, LLC on February 16, 2007. A copy of the warranty deed by which Canco, LLC acquired title to this property is attached as "Tab 73." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 94). This property, Parcel Identification Number 0097-04-0016, is currently owned by Canco, LLC (three-fourths interest) and Cathy C. Siano (one-fourth interest). A copy of the Sarasota County Appraiser report for this property is attached as "Tab 74." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 95).

[62] Mr. Martindale acquired title to his property by that deed recorded in the Sarasota County Recorder of Deeds' Office as Deed 191, Page 489. A copy of the deed by which Mr. Martindale acquired title to the property is attached as "Tab 75." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 96).

[63] A copy of this indenture is attached as "Tab 76." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 96).

[64] A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 77." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 98).

24. Dee A. Deaterly

Dee A. Deaterly acquired her property in Sarasota County, Florida on September 26, 1998.[65] Ms. Deaterly's property includes fee title to approximately 700 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation.[66] Ms. Deaterly was fee owner of this property with Parcel Identification Number 0407-10-0012 on April 2, 2004 (the date of the NITU).[67]

25. Kelly A. Glausman

Kelly A. Glausman acquired his property in Sarasota County, Florida on July 5, 1996.[68] Mr. Glausman's property includes fee title to approximately 400 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation.[69] Mr.

---

[65] Ms. Deaterly acquired her property by a series of three deeds (for a single property with Parcel Identification Number 0407-10-0012): (1) that trustee's deed recorded in the Sarasota County Recorder of Deeds' Office in Book 2244, Page 1425 on September 28, 1990; (2) that warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Book 2244, Page 1424 on September 28, 1990; and (3) that quit-claim deed recorded in the Sarasota County Recorder of Deeds' Office in Book 2244, Page 1433 on September 28, 1990. A copy of the three deeds by which Ms. Deaterly acquired her property are attached respectively as "Tab 78," "Tab 79," and "Tab 80." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 99).

[66] A copy of a map for Ms. Deaterly's property is attached as "Tab 81." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 100).

[67] A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 82." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 101).

[68] Mr. Glausman acquired his property by that tax deed recorded in the Sarasota County Recorder of Deeds' Office on July 5, 1996 in Book 2871, Page 170. A copy of the tax deed by which Mr. Glausman acquired his property is attached as "Tab 83." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 102).

[69] A copy of a map for Mr. Glausman's property is attached as "Tab 84." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 103).

Glausman was fee owner of this property with Parcel Identification Number 0406-02-0001 on April 2, 2004 (date of the NITU).[70]

26. Jay Hardy

Jay Hardy acquired his property in Sarasota County, Florida on January 26, 1959.[71] Mr. Hardy's property includes fee title to approximately 375 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation. Mr. Hardy was fee owner of this property with Parcel Identification number 0164-09-0003 on April 2, 2004 (date of the NITU).[72]

27. Faye Howard

Faye Howard acquired her home in Sarasota County, Florida on July 16, 2003.[73] Ms. Howard's property includes fee title to approximately 1,355 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. Ms.

---

[70] A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 85." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 104).

[71] Mr. Hardy acquired his property by that deed recorded on January 7, 1960, in Plat Book 11, Pages 2, 2A and 2B. A copy of the Indenture by which Mr. Hardy acquired his property is included as "Tab 86." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 105).

[72] A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 87." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 107).

[73] Ms. Howard acquired her property by that deed recorded on August 11, 2003, Instrument Number 2003160791. A copy of the Personal Representative's Deed by which Ms. Howard acquired her home is attached as "Tab 88." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 108).

Howard was fee owner of this property (with Parcel Identification number 0164-09-0006 on April 2, 2004 (date of the NITU).[74]

28. Ronald Miller and M&H Corporation

Ronald Miller and M&H Corporation acquired title to property in Sarasota County, Florida on May 24, 1977.[75] Their property included fee title to approximately 922 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access recreational trail and possible future railroad reactivation.[76] Mr. Miller and M&H Corporation were fee owners of this property with Parcel Identification Number 0061-15-0001 on April 2, 2004 (the date of the NITU).[77]

29. Ilene Mirman

Ilene Mirman acquired her property in Sarasota County, Florida on March 31, 1999.[78] Ms. Mirman's property includes fee title to approximately 678 feet of property lying on the

---

[74] A copy of the Sarasota County Appraiser report for this property is attached as "Tab 89." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 110).

[75] Mr. Miller and M&H Corporation acquired title to their property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Official Records 1183, Page 690. A copy of the warranty deed by which Mr. Miller and M&H Corporation acquired their property is attached as "Tab 90." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 111).

[76] A copy of a survey for this property is attached as "Tab 91." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 112).

[77] A copy of the 2004 Sarasota County tax record for this property is attached as "Tab 92." Mr. Miller and M&H Corporation subsequently sold this property to Phillippi Pines, LLC, on August 31, 2004 by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office on September 1, 2004 by Instrument Number 2004171125. A copy of the warranty deed by which Phillippi Pines acquired this property is attached as "Tab 93." This property was subsequently sub-divided into six properties bearing the following Parcel Identification Numbers: 0061-15-0086, 0061-15-0087, 0061-15-0088, 0061-15-0089, 0061-15-0090, and 0061-15-0091. A copy of the Sarasota County Appraiser reports for these six properties are attached collectively as "Tab 94." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph nos. 113-15).

[78] Ms. Mirman acquired her property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office on March 31, 1999 by Instrument Number 1999043615. A copy of

western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. Ms. Mirman was fee owner of this property with Parcel Identification Number 0165-01-0007 on April 2, 2004 (the date of the NITU).[79]

30. Kenneth S. Patton

Kenneth S. Patton's mother, Maxine A. Patton, acquired title to property[80] in Sarasota County, Florida ("the property") prior to her death on September 13, 1963.[81] As the sole beneficiaries under the will of Maxine A. Patton, Charlotte Patton Reed, Kenneth Stuart Patton, III, and Old Colony Trust Company, as guardian for James Gordon Patton, each inherited a one-third interest in the property.[82] On January 1, 1984, Charlotte Patton Reed conveyed her one-third interest in the property to Mr. Patton.[83] On January 7, 1985, James G. Patton and Beverly

---

the warranty deed by which Ms. Mirman acquired her property is attached as "Tab 95." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 116).

[79] A copy of the Sarasota County Property Appraiser's report for this property is attached as "Tab 96." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 118).

[80] This property is described as "real property in Laurel, Sarasota County, Florida, in Section 31, Twp. 38 South, Range 19 East, Containing approximately 8 acres of upland and 2 acres of submerged land." A copy of the Receipt of the Estate of Maxine A. Patton, Deceased, is attached as "Tab 97." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 119).

[81] A copy of the record of death of Ms. Patton is attached as "Tab 98." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 119).

[82] *See id.*

[83] A copy of the fee simple deed by which Ms. Reed conveyed her interest in this property to Mr. Patton, recorded in the Sarasota County, Florida Original Records 1654, Page 0508, is attached as "Tab 99." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 119).

Patton conveyed their one-third interest in the property to Kenneth S. Patton and Grace E. Patton.[84] As of January 7, 1985, Kenneth Patton owned 100% interest in the property.

Mr. Patton's property includes fee title to approximately 453 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation. Mr. Patton was fee owner of this property with Parcel Identification number 0384-05-0001 on April 2, 2004 (the date of the NITU).[85]

31. <u>Sharon L. Wilkie and the James H. Wilkie Estate</u>

Sharon L. Wilkie and her husband, James H. Wilkie, acquired their property in Sarasota County, Florida on February 28, 1977.[86] On June 28, 1988, Mr. and Mrs. Wilkie executed a warranty deed transferring title of their property to James H. Wilkie as Trustee and Sharon L. Wilkie as Successor Trustee.[87] Mr. Wilkie died on January 30, 1989.[88] On October 16, 1990, Sharon L. Wilkie, as Successor Trustee transferred an undivided 23.73% interest in the property

---

[84] A copy of this warranty deed by which Kenneth S. Patton and Grace E. Patton acquired an additional one-third interest in this property is recorded in the Sarasota County, Florida Original Records 1754, Page 1681, and is attached as "Tab 100." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 119).

[85] A copy of the Sarasota County Appraiser report for this property is attached as "Tab 101." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 121).

[86] The Wilkie's acquired their property by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Official Records 1166, Page 1079. A copy of this warranty deed is attached as "Tab 102." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 122).

[87] A copy of this warranty deed recorded in Original Records 2043, Page 1153, is attached as "Tab 103." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 122).

[88] A copy of Mr. Wilkie's death certificate is attached as "Tab 104." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 122).

to herself individually.[89] On April 2, 2004, the property was owned by Mr. Wilkie's Estate (76.27%) and Mrs. Wilkie (23.73%).

The Wilkies' property includes fee title to approximately 153 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation. The Wilkies were fees owners of this property with Parcel Identification number 0070-02-0027 on April 2, 2004 (the date of the NITU).[90]

32. Robert L. Williams

Robert L. Williams acquired his property in Sarasota County, Florida on September 6, 2001.[91] Mr. Williams' property includes fee title to approximately 1,200 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation. Mr. Williams was fee owner of this property with Parcel Identification Number 0383-04-0002 on April 2, 2004.[92]

---

[89] A copy of this indenture is attached as "Tab 105." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 122).

[90] A copy of the Sarasota County Appraiser report for this property is attached as "Tab 106." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 124).

[91] Mr. Williams acquired his property by that quit-claim deed recorded in the Sarasota County Recorder of Deeds' Office on September 18, 2001, by Instrument Number 2001133675. A copy of the quit-claim deed by which Mr. Williams acquired his property is attached as "Tab 107." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 125).

[92] On August 25, 2004, Mr. Williams sold his property to MTH Associates, LLC. A copy of the current Sarasota County Appraiser's report for this property showing the August 25, 2004, conveyance is attached as "Tab 108." (*See* Plaintiffs' Proposed Findings of Uncontroverted Fact, paragraph no. 128).