93. The Cantele Living Trust was fee owner of this property with Parcel Identification Number 0097-04-0016 on April 2, 2004 (date of the NITU).

94. As successor beneficiaries to the Cantele Living Trust, Ms. Converse, Ms. Beltran, and Ms. Chestnutt each conveyed an undivided one-fourth (1/4) interest in the property to Canco, LLC on February 16, 2007. (A copy of the warranty deed by which Canco, LLC acquired title to this property is attached as "Tab 73.")

95. This property, Parcel Identification Number 0097-04-0016, is currently owned by Canco, LLC (three-fourths interest) and Cathy C. Siano (one-fourth interest). (A copy of the Sarasota County Appraiser report for this property is attached as "Tab 74.")

(23) <u>Patricia M. Davids</u>

96. Patricia M. Davids' father, R.J. Martindale, originally acquired property in Sarasota County, Florida on August 8, 1944 by that deed recorded in the Sarasota County Recorder of Deeds' Office as Deed 191, Page 489. (A copy of the deed by which Mr. Martindale acquired title to the property is attached as "Tab 75.") On April 27, 1955, Mr. Martindale transferred title to himself and Lucile Martindale (Ms. Davids' mother), as husband and wife, by that indenture recorded in the Sarasota County Recorder of Deeds' Office in Book 348, Page 83. (A copy of this indenture is attached as "Tab 76.") Ms. Davids subsequently acquired title to this property on April 1, 1977 after her mother's death.

97. Ms. David's property includes fee title to approximately 700 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way

that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.

98. Ms. Davids was fee owner of this property with Parcel Identification Number 0165-09-0032 on April 2, 2004 (the date of the NITU). (A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 77.")

(24) Dee A. Deaterly

99. On September 26, 1998, Dee A. Deaterly acquired her property in Sarasota County, Florida by a series of three deeds (for a single property with Parcel Identification Number 0407-10-0012): (1) that trustee's deed recorded in the Sarasota County Recorder of Deeds' Office in Book 2244, Page 1425 on September 28, 1990; (2) that warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Book 2244, Page 1424 on September 28, 1990; and (3) that quit-claim deed recorded in the Sarasota County Recorder of Deeds' Office in Book 2244, Page 1433 on September 28, 1990. (A copy of the three deeds by which Ms. Deaterly acquired her property are attached respectively as "Tab 78," "Tab 79," and "Tab 80.")

100. Ms. Deaterly's property includes fee title to approximately 700 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation. (A copy of a map for Ms. Deaterly's property is attached as "Tab 81.")

101. Ms. Deaterly was fee owner of this property with Parcel Identification Number 0407-10-0012 on April 2, 2004 (the date of the NITU). (A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 82.")

(25) Kelly A. Glausman

102. Kelly A. Glausman acquired his property in Sarasota County, Florida on July 5, 1996, by that tax deed recorded in the Sarasota County Recorder of Deeds' Office on July 5, 1996 in Book 2871, Page 170. (A copy of the tax deed by which Mr. Glausman acquired his property is attached as "Tab 83.")

103. Mr. Glausman's property includes fee title to approximately 400 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation. (A copy of a map for Mr. Glausman's property is attached as "Tab 84.")

104. Mr. Glausman was fee owner of this property with Parcel Identification Number 0406-02-0001 on April 2, 2004 (date of the NITU). (A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 85.")

(26) Jay Hardy

105. Jay Hardy acquired his property in Sarasota County, Florida on January 26, 1959 by that deed recorded on January 7, 1960, in Plat Book 11, Pages 2, 2A and 2B. (A copy of the Indenture by which Mr. Hardy acquired his property is included as "Tab 86.")

106. Ms. Hardy's property includes fee title to approximately 375 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation.

107. Mr. Hardy was fee owner of this property with Parcel Identification number 0164-09-0003 on April 2, 2004 (date of the NITU). (A copy of the Sarasota County Appraiser's report for this property is attached as "Tab 87.")

(27) Faye Howard

108. Faye Howard acquired her home in Sarasota County, Florida on July 16, 200, by that deed recorded on August 11, 2003, Instrument Number 2003160791. (A copy of the Personal Representative's Deed by which Ms. Howard acquired her home is attached as "Tab 88.")

109. Ms. Howard's property includes fee title to approximately 1,355 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.

110. Ms. Howard was fee owner of this property (with Parcel Identification number 0164-09-0006 on April 2, 2004 (date of the NITU). (A copy of the Sarasota County Appraiser report for this property is attached as "Tab 89.")

(28) Ronald Miller and M&H Corporation

111. Mr. Miller and M&H Corporation acquired title to property in Sarasota County, Florida on May 24, 1977, by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Official Records 1183, Page 690. (A copy of the warranty deed by which Mr. Miller and M&H Corporation acquired their property is attached as "Tab 90.")

112. Mr. Miller and M&H Corporation's property included fee title to approximately 922 feet of property lying on the western side of the centerline of the

abandoned SGLR right-of-way that is now subject to the easement for an interim public access recreational trail and possible future railroad reactivation. (A copy of a survey for this property is attached as "Tab 91.")

113. Mr. Miller and M&H Corporation were fee owners of this property with Parcel Identification Number 0061-15-0001 on April 2, 2004 (the date of the NITU). (A copy of the 2004 Sarasota County tax record for this property is attached as "Tab 92.")

114. Mr. Miller and M&H Corporation subsequently sold this property to Phillippi Pines, LLC, on August 31, 2004 by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office on September 1, 2004 by Instrument Number 2004171125. (A copy of the warranty deed by which Phillippi Pines acquired this property is attached as "Tab 93.")

115. This property was subsequently sub-divided into six properties bearing the following Parcel Identification Numbers: 0061-15-0086, 0061-15-0087, 0061-15-0088, 0061-15-0089, 0061-15-0090, and 0061-15-0091. (A copy of the Sarasota County Appraiser reports for these six properties are attached collectively as "Tab 94.")

(29) Ilene Mirman

116. Ilene Mirman acquired her property in Sarasota County, Florida on March 31, 1999 by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office on March 31, 1999 by Instrument Number 1999043615. (A copy of the warranty deed by which Ms. Mirman acquired her property is attached as "Tab 95.")

117. Ms. Mirman's property includes fee title to approximately 678 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way

that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.

118. Ms. Mirman was fee owner of this property with Parcel Identification Number 0165-01-0007 on April 2, 2004 (the date of the NITU). (A copy of the Sarasota County Property Appraiser's report for this property is attached as "Tab 96.")

(30) Kenneth S. Patton

119. Kenneth S. Patton's mother, Maxine A. Patton, acquired title to property[1] in Sarasota County, Florida ("the property") prior to her death on September 13, 1963. (A copy of the record of death of Ms. Patton is attached as "Tab 98.") As the sole beneficiaries under the will of Maxine A. Patton, Charlotte Patton Reed, Kenneth Stuart Patton, III, and Old Colony Trust Company, as guardian for James Gordon Patton, each inherited a one-third interest in the property. (*See id.*) On January 1, 1984, Charlotte Patton Reed conveyed her one-third interest in the property to Mr. Patton. (A copy of the fee simple deed by which Ms. Reed conveyed her interest in this property to Mr. Patton, recorded in the Sarasota County, Florida Original Records 1654, Page 0508, is attached as "Tab 99.") On January 7, 1985, James G. Patton and Beverly Patton conveyed their one-third interest in the property to Kenneth S. Patton and Grace E. Patton. (A copy of this warranty deed by which Kenneth S. Patton and Grace E. Patton acquired an additional one-third interest in this property is recorded in the Sarasota County, Florida

[1] This property is described as "real property in Laurel, Sarasota County, Florida, in Section 31, Twp. 38 South, Range 19 East, Containing approximately 8 acres of upland and 2 acres of submerged land." (A copy of the Receipt of the Estate of Maxine A. Patton, Deceased, is attached as "Tab 97.")

Original Records 1754, Page 1681, and is attached as "Tab 100.") As of January 7, 1985, Kenneth Patton owned 100% interest in the property.

120. Mr. Patton's property includes fee title to approximately 453 feet of property lying on the western side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation.

121. Mr. Patton was fee owner of this property with Parcel Identification number 0384-05-0001 on April 2, 2004 (the date of the NITU). (A copy of the Sarasota County Appraiser report for this property is attached as "Tab 101.")

(31) Sharon L. Wilkie and the James H. Wilkie Estate

122. Sharon L. Wilkie and her husband, James H. Wilkie, acquired their property in Sarasota County, Florida on February 28, 1977, by that warranty deed recorded in the Sarasota County Recorder of Deeds' Office in Official Records 1166, Page 1079. (A copy of this warranty deed is attached as "Tab 102.") On June 28, 1988, Mr. and Mrs. Wilkie executed a warranty deed, Original Records 2043, Page 1153, transferring title of their property to James H. Wilkie as Trustee and Sharon L. Wilkie as Successor Trustee. (A copy of this warranty deed is attached as "Tab 103.") Mr. Wilkie died on January 30, 1989. (A copy of Mr. Wilkie's death certificate is attached as "Tab 104.") On October 16, 1990, Sharon L. Wilkie, as Successor Trustee transferred an undivided 23.73% interest in the property to herself individually. (A copy of this indenture is attached as "Tab 105.") On April 2, 2004, the property was owned by Mr. Wilkie's Estate (76.27%) and Mrs. Wilkie (23.73%).

123. The Wilkies' property includes fee title to approximately 153 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation.

124. The Wilkies were fees owners of this property with Parcel Identification number 0070-02-0027 on April 2, 2004 (the date of the NITU). (A copy of the Sarasota County Appraiser report for this property is attached as "Tab 106.")

(32) Robert L. Williams

125. Robert L. Williams acquired his property in Sarasota County, Florida on September 6, 2001, by that quit-claim deed recorded in the Sarasota County Recorder of Deeds' Office on September 18, 2001, by Instrument Number 2001133675. (A copy of the quit-claim deed by which Mr. Williams acquired his property is attached as "Tab 107.")

126. Mr. Williams' property includes fee title to approximately 1,200 feet of property lying on the eastern side of the centerline of the abandoned SGLR right-of-way that is now subject to the easement for an interim public-access recreational trail and possible future railroad reactivation.

127. Mr. Williams was fee owner of this property with Parcel Identification Number 0383-04-0002 on April 2, 2004.

128. On August 25, 2004, Mr. Williams sold his property to MTH Associates, LLC. (A copy of the current Sarasota County Appraiser's report for this property showing the August 25, 2004, conveyance is attached as "Tab 108.")

**(C) Seaboard's successor railroad, CSX and Seminole Gulf Railroad, LP, ("SGLP") abandoned the railroad easement in 2004.**

129. "On December 15, 2003, Seminole Gulf Railway, L.P. ("SGLR"), filed with the Surface and Transportation Board ("STB") a petition under 49 U.S.C. 10502 for exemption from the provisions of 49 U.S.C. 10903 to abandon an approximately 12.43-mile portion of its Venice Branch between milepost SW 892 outside the city limits of the City of Sarasota, and milepost 904.4 near the City of Venice, in Sarasota County, FL. (*See* STB Docket No. Ab-400 (Sub-No. 3x), January 2, 2004 decision; a copy of which is attached as Tab 109.)

130. The STB noted that this "line does not contain federally granted rights-of-way." (*See* Tab 109, STB's January 2, 2004 decision).

131. On February 13, 2004, the STB found that:

> no traffic has moved over the line during 2003 or during the last nine months of 2002. The last delivery to a shipper via the line was on March 14, 2002. During the first three months of 2002, SGLR delivered 20 cars of plywood and lumber to a single customer (Kimal Lumbar) at a team track located on the line, where the freight was transloaded to a truck . . . .only three other customers have received traffic over the line in the last several years, but none have received any cars since May 2001.

(*See* STB Docket No. Ab-400 (Sub-No. 3x), February 13, 2004 decision; a copy of which is attached as Tab 110.)

132. The STB later stated that, "there have been no rail movements over the last three miles of the line for over 10 years . . . . [SGLR] contends that there is little likelihood of traffic returning to the line and that there is interest in developing the right-of-way for trail use." (*See* STB Docket No. Ab-400 (Sub-No. 3x), April 2, 2004 decision (Notice of Interim Trail Use or "NITU"); a copy of which is attached as Tab 111.)

**(D) On April 2, 2004, the Surface Transportation Board ("STB") issued a Notice of Interim Trail Use or Abandonment ("NITU") which precluded the Plaintiffs' reversionary rights to their property, converted the abandoned railroad right-of-way into a public-access recreational trail, and imposed an easement for future possible railroad across the Plaintiffs' property.**

133. The STB found that, "SGLR states that it and CSXT have granted The Trust for Public Lands an option to acquire the line for conversers ion to a trail . . . . On January 20, 2004, [Sarasota] County filed a request for interim trail use/rail banking under the [Trails Act]." (*See* Tab 111, April 2, 2004 NITU).

134. On April 2, 2004, the STB issued a Notice of Interim Trail Use ("NITU") for the abandoned railroad corridor. (*See* Tab 111, April 2, 2004 NITU).

135. The Trust for Public Land agreed to work with Sarasota County to convert the rail line into a public-access recreational trail. (*See* Tab 110, STB's February 13, 2004 decision).

136. The STB ordered that,

> [b]ecause the County's request complies with the requirements of 49 CFR 1152.29, and SGLR is willing to enter negotiations, a NITU will be issued as requested. The parties may negotiate an agreement during the 180-day period prescribed below. If an agreement is executed, no further Board action is necessary. If no agreement is reached within 180 days, SGLR may fully abandon the line.

(*See* Tab 111, April 2, 2004 NITU).

137. The Trust for Public Land is a tax-exempt charity. (*See* the website for The Trust for Public Land: http://www.tpl.org/tier2_sa.cfm?folder_id=170; a print-out is attached as Tab 112.)

138. The Trust for Public Land is not a railroad and is not authorized by any state or by the federal Surface Transportation Board to operate a railroad. (*See* Tab 112, a print-out of the website for The Trust for Public Land.)

139. Sarasota County is a municipality. (*See* the website for Sarasota County: http://www.scgov.net; a print-out is attached as Tab 113.)

140. Sarasota County is not a railroad and is not authorized by any state or by the federal Surface Transportation Board to operate a railroad. (*See* Tab 113, a print-out of the website for Sarasota County).

141. On October 14, 2004, the STB granted a ninety day extension to the negotiating period and ruled, "[t]he NITU negotiating period is extended until December 28, 2004." (*See* STB Docket No. AB-400 (Sub-No. 3x), October 14, 2004 decision; a copy of which is attached as Tab 114.)

142. On December 20, 2004, a Quit Claim Deed was executed by CSX Transportation (Inc.) conveying to The Trust for Public Land whatever interest CSX may have held in the abandoned right-of-way. (A copy of this Quit Claim Deed is attached Tab 115.)

143. This Quit Claim Deed referenced "a total of 155.724 acres, more or less, together with all the improvements located thereon . . . ." in Sarasota County, Florida, and was recorded on January 13, 2005 with the Sarasota Recorder of Deeds Office. (*See* Tab 115, Quit Claim Deed).

144. This Quit Claim Deed was expressly executed and entered into by the Trust for Public Land and CSX in reliance upon the STB's issuance of the NITU and the provisions of the Trails Act. (*See* Tab 115, Quit Claim Deed).

145. This Quit Claim Deed expressly provides that the Grantor, CSX Transportation, Inc.,

> does hereby RELEASE, REMISE and forever QUITCLAIM unto [The Trust for Public Land], its successors and assigns, all right, title and

> interest of [CSX], if any, in and to those certain tracts of parcels of land situate, laying and being in Sarasota, Florida . . . TO HAVE AND TO HOLD the Premises, and all the estate, right, title, lien, interest and claim whatsoever of [CSX] therein, either in law or equity, and all improvements thereon and appurtenances thereto, unto the proper use, benefit and enjoyment of [The Trust for Public Land], [it's] heirs and assigns or successors and assigns, forever. (*See* Tab 115, Quit Claim Deed).

146. The Quit Claim Deed further provides that:

> [b]y Decision and Notice of Interim Trial Use or Abandonment served April 2, 2004 in the Surface Transportation Board ("STB") Docket No. AB-400, Sub.-No.3X, the STB imposed a Notice of Interim Trail Use ("NITU") on the Premises. [The Trust for Public Land] for itself, its successors and assigns, acknowledges that the Premises remain subject to the jurisdiction of the STB for purposes of reactivating rail service. (*See* Tab 115, Quit Claim Deed).

147. Pursuant to the Quit Claim Deed, the SGLR (and CSX) conveyed whatever interest they may have had in the railroad right-of-way to The Trust for Public Land. (*See* Tab 115, Quit Claim Deed).

148. The Trust for Public Land has subsequently sold this property to Sarasota County, Florida for use as a public-access recreational trail. (*See* the website for Sarasota County: http://www.scgov.net/PublicWorks/RailsToTrails/Rails.asp; a print-out of which is attached as Tab 116.)

149. Since April 2004, the approximately 12.43 mile long former SGLR railroad right-of-way has been transformed into a public-access recreational trail called "The Legacy Trail." (*See* Tab 116, Sarasota County website).

150. The railroad rails and ties have been removed from the former right-of-way and Sarasota County has graded the former roadbed for use as a public-access recreational trail. (*See* Tab 116, Sarasota County website; *see also* photographs of the trail construction posted on the Sarasota County website at:

http://www.scgov.net/PublicWorks/RailsToTrails/Photos.asp, collectively attached as Tab 117).

151. Sarasota County states that the Legacy Trail will eventually be comprised of a 14 foot wide asphalt trail, rest-stop shelters, and additional entries into local neighborhoods. (Tab 116, Sarasota County website).

152. According to The Trust for Public Land, the Legacy Trail will be "the centerpiece of [Sarasota] county's planned trailed system and a major bicycle/pedestrian commuter link between Sarasota and Venice." (*See* the website for The Trust for Public Land: http://www.tpl.org/tier3_cd.cfm?content_item_id=19837&folder_id=250, a copy of this website print-out is attached as Tab 118).

Respectfully submitted,

| | |
|---|---|
| Date: March 26, 2008 | LATHROP & GAGE L.C.<br><br>By: /s/ Mark F. (Thor) Hearne, II<br>MARK F. (THOR) HEARNE, II<br>LINDSAY S.C. BRINTON<br>MEGHAN S. LARGENT<br>10 South Broadway, Suite 1300<br>St. Louis, MO 63102-1708<br>(314) 613-2500<br>(314) 613-2550 (fax)<br>Thornet@ix.netcom.com<br><br>ATTORNEYS FOR PLAINTIFFS |