IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BAY PLAZA PROPERTIES, LLC, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | ) | No. 07-198<br><br>Hon. Lawrence M. Baskir |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION FOR A STATUS CONFERENCE AND TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Plaintiffs, Bay Plaza Properties, LLC, et al, by and through undersigned counsel and in response to Defendant's Motion for a Status Conference and to Strike the Plaintiff's Motion for Partial Summary Judgment, hereby state as follows:

1. On May 1, 2007, the thirteen landowners in *Rogers v. United States*, 07-273, filed a claim seeking "just compensation" for the taking of their land which occurred when the federal Surface Transportation Board issued a Notice of Interim Trail Use ("NITU") on April 2, 2004 that applied to the more than 12 mile long abandoned CSX railroad corridor between Sarasota, Florida and Venice, Florida. This order was issued pursuant to the federal Trails Act, 16 U.S.C. § 1247(d). The *Rogers* plaintiffs requested that this case be certified as an opt-in class action pursuant to RCFC 23.

2. On June 27, 2007, the 10 landowners in *Bird Bay v. United States*, 07-426, filed a similar claim for property involving this same order of the STB and the same NITU and abandoned railroad right-of-way (but the *Bird Bay* plaintiffs did not request class certification).

3. On July 6, 2007, a Notice of Indirectly Related Case, pursuant to RCFC 40.2(b), was filed in *Bird Bay* and *Rogers*.

4. On November 2, 2007, the landowners in *Rogers* filed a Motion for Partial Summary Judgment on the threshold issue of the federal government's liability pursuant to RCFC 56.

5. On November 7, 2007, Judge Bush issued an order transferring the later filed case, *Bird Bay*, to Judge Williams for consolidation with *Rogers*.

6. On November 12, 2007, the landowners in *Bird Bay* filed a Motion for Partial Summary Judgment on the threshold issue of the federal government's liability pursuant to RCFC 56.

7. On November 21, 2007, Judge Williams granted the Plaintiffs' motion to have *Rogers* certified as an "opt-in" class action pursuant to RCFC 23, and on that same day, Judge Williams also entered an order providing that those Sarasota County, Florida landowners that may have a possible claim for compensation be notified, and specifying that by February 11, 2008, landowners submit an "Entry of Appearance" in the specified format to Plaintiffs' counsel, that on February 19, 2008, Plaintiffs' counsel submit the "Claim Book" consisting of all Entries of Appearance to this Court and to the Department of Justice, and that the Defendant had until April 24, 2008 to file any objection to any Entry of Appearance that the Defendant disputed. (Docket Nos. 31, 32).

8. On December 14, 2007, Judge Williams ordered that *Rogers* and *Bird Bay* be consolidated for briefing on the threshold issue of the government's liability for a taking of the landowner's property by operation of the Trails Act.

9. On February 15, 2008, Judge Williams entered an order extending the time for submission of Entries of Appearance by landowners and the time for objection by the Defendant

by thirty days, such that the current date by which the Defendant must make its objections is May 23, 2008. (Docket No. 40).

10. On March 20, 2008, the date that the Entries of Appearance were due in the *Rogers* class action, 32 Sarasota County landowners holding title to 37 parcels of land chose not to participate in the *Rogers* "opt-in" class action, but to instead file their claim for "just compensation" as a separate action, *Bay Plaza Properties, LLC, et al. v. United States*, 08-198.

11. These claims by the *Bay Plaza* landowners involved the same abandoned Seaboard Air Line Railway corridor and the same NITU as that in *Rogers* and *Bird Bay*.

12. The *Bay Plaza* landowners filed a Notice of Indirectly Related Case pursuant to RCFC 40.2(b) and a Motion to Transfer the *Bay Plaza* case to Judge Williams for consolidated briefing on the threshold issue of the government's liability.[1]

13. The *Bay Plaza* landowners also filed a motion to have the case consolidated for briefing on the common threshold issue of the government's liability with *Rogers* and *Bird Bay.*

14. To place *Bay Plaza* in the same procedural posture as the pending *Rogers* and *Bird Bay* cases, the Plaintiffs filed a motion for partial summary judgment on the common threshold issue of the government's liability and a motion for leave to file this motion for partial summary judgment contrary to RCFC 56(a). The Motion for Partial Summary Judgment filed in *Bay Plaza* is (except for reference to the named plaintiffs and their property) in all respects identical to the Motions for Partial Summary Judgment filed in *Rogers* and *Bird Bay*, filed on November 2, 2007 and November 12, 2007 respectively.

---

[1] The Defendant noted that the Notice of Indirectly Related Case was filed in the *Bay Plaza* case and not in the earlier filed case, *Rogers*, as specified by RCFC 40.2(b)(1). The Plaintiffs have filed the Notice of Indirectly Related case in *Rogers* and Judge Williams is aware of the pending *Bay Plaza* case and the Plaintiffs' motion to have *Bay Plaza* transferred to her.

15. On April 1, 2008, Judge Williams held a status hearing in *Rogers* and *Bird Bay*. Counsel for the landowners informed the Court during this hearing that the *Bay Plaza* case had been filed and that a motion to have *Bay Plaza* transferred and consolidated for purposes of the initial briefing and determination of liability with *Rogers* and *Bird Bay* had been filed. (Docket Entry on 4/2/08).

16. The landowners seek to resolve this case in as cost-efficient and as prompt a fashion as possible.

17. As such, the landowners have requested that this Court enter an order that *Bay Plaza* be transferred to Judge Williams and that *Bay Plaza* be consolidated with *Rogers* and *Bird Bay* for briefing on the threshold issue as provided in the order entered by Judge Williams on December 14, 2007 and that the briefing schedule in *Bay Plaza* be the same as the schedule that Judge Williams set forth in her order of December 13, 2007 (Docket No. 37).

18. During the April 1st hearing, Judge Williams indicated that – should *Bay Plaza* be transferred to her – she was inclined to grant the government's request to extend the briefing schedule by 30 days.

19. Counsel for the landowners indicated that they would not object to a 30 day extension of the liability briefing schedule.

**ACCORDINGLY,** the Plaintiffs in *Bay Plaza* request that this Court enter an order directing that: (1) Bay Plaza be transferred to Judge Williams pursuant to RCFC 40(2)(b); (2) that, once transferred to Judge Williams, the Court enter an order consolidating *Bay Plaza* for briefing with *Rogers* and *Bird Bay* as specified in the Court's orders of December 13 and December 14 (Docket Nos. 37, 38) and, (3) that should the Defendant request a 30 day extension to this briefing schedule, the Plaintiffs consent to such an enlargement of time.

As to Defendant's request for a status conference, the Plaintiffs do not oppose a status conference but believe that, should this matter be transferred to Judge Williams, the status conference before Judge Williams on April 1st addressed all matters raised by the Defendant and a further status conference would be unnecessary. To the extent that this Court desires a status conference or the Defendant raises matters not addressed during the April 1st status conference before Judge Williams, the Plaintiffs would make themselves available at the Court's earliest convenience in person or by telephone.

Date: April 5, 2008

Respectfully submitted,

LATHROP & GAGE, L.C.

/s/ Mark F. ("Thor") Hearne, II
MARK F. ("THOR") HEARNE, II
LINDSAY S.C. BRINTON
MEGHAN S. LARGENT
The Equitable Building
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
Telephone: (314) 613-2500
Facsimile: (314) 613-2550
Thornet@ix.netcom.com

Attorney for Plaintiffs