GINO L. CANTELE and AUDREY H. CANTELE

REVOCABLE LIVING TRUST AGREEMENT

THIS AGREEMENT made and entered into this September 28, 1994, between GINO L. CANTELE and AUDREY H. CANTELE, of 401 Oriana Drive, Spring Hill, FL 34609, the "GRANTORS", and GINO L. CANTELE and AUDREY H. CANTELE, the "TRUSTEES".

TERMS: Whenever convenient or desirable, the term "TRUSTEES", as used in this Agreement, shall include any successor, substitute TRUSTEE, CO-TRUSTEE or TRUSTEES. The term "beneficiary" shall include every individual and entity, named or unnamed, entitled to share under this Agreement as hereunder provided. The term "child", "children", "issue" or "descendants" shall include the GRANTORS' lawful children, or the issue of said children, unless otherwise provided herein; but any share which any such after born children shall be entitled to shall vest not later than the time permitted by the Rule Against perpetuities as hereinbefore provided. Unless the context requires otherwise, masculine personal pronouns include the feminine, and the singular and plural may be construed interchangeably. The term "GRANTORS" as used herein shall refer to both of said GRANTORS, GINO L. CANTELE and AUDREY H. CANTELE, so long as they are both living, and shall refer to the survivor of the two of them after the death of the other.

WITNESSETH:

The GRANTORS desire to create a trust into which GRANTORS may transfer assets during GRANTORS' lifetimes and/or by Last Will and Testament.

NOW, THEREFORE, and in consideration of the covenants herein contained and for Ten Dollars ($10), and other good and valuable consideration, the GRANTORS, hereby transfer, assign and deliver to the TRUSTEES all assets shown on the Schedule of Property annexed hereto and made a part hereof, receipt of which in trust is hereby acknowledged by the said TRUSTEES to be held and administered, together with all other property that may from time to time be added to this trust, IN TRUST, for the uses and purposes and upon the following terms and conditions:

ARTICLE 1. GRANTORS' LIFE INTEREST: The TRUSTEES shall pay the entire net proceeds from the income of the Trust Fund to or for the benefit of GINO L. CANTELE and AUDREY H. CANTELE, or the survivor of the two of them, in monthly or other convenient installments for so long as either of them may live. In addition thereto, the TRUSTEES shall make payments from the principal of the Trust Fund to or for the benefit of the GRANTORS in such sums



EXHIBIT 64

and at such times as the GRANTORS may request from time to time. In the event that both of the GRANTORS, or in the event of death the survivor of the two of them, shall be deemed legally incapacitated, the successor sole TRUSTEE shall assume the duties of TRUSTEE (as hereinafter provided) and shall expend such amounts to properly care for the GRANTORS, in a style of living to which GRANTORS have been accustomed. Successor TRUSTEE shall also make mortgage payments, if any shall become due, on GRANTORS' home.

<u>ARTICLE 2.</u> <u>TERMINATION</u>: After making the distribution as set forth hereinbelow, this trust shall terminate.

<u>ARTICLE 3.</u> <u>DISTRIBUTION</u>: Upon the death of GINO L. CANTELE or AUDREY H. CANTELE, the TRUSTEE shall distribute the property remaining in the trust estate as follows:

a. If AUDREY H. CANTELE predeceases GINO L. CANTELE, then in that event the TRUSTEE shall allow GINO L. CANTELE a period of two (2) years from the date of her death within which to continue to reside in the real property where GRANTORS were then living. During such two (2) year period GINO L. CANTELE may either direct the TRUSTEE to sell said real property, and Eighty-Two Thousand Five Hundred Dollars ($82,500) shall be paid to PAUL JOHN HANSEN and SUSAN MARIE FREDERICKS from the sales proceeds, or GINO L. CANTELE can pay said sum to PAUL JOHN HANSEN and SUSAN MARIE FREDERICKS, and shall have the right to dispose of said real property in his sole discretion. In addition, all furniture, furnishings, and household goods, except those items enumerated in a separate writing, shall remain with the residence dwelling.

b. The TRUSTEE shall distribute such tangible personal property to those persons designated in a separate writing in existence at the time of the death of AUDREY H. CANTELE which is signed by GRANTORS and which describes the items and the distributees with reasonable certainty. If no such separate writing or list is found and properly identified by the TRUSTEE within sixty days after the death of AUDREY H. CANTELE, it shall be presumed that there is no such separate writing, and any subsequently discovered separate writing shall be ignored.

c. If GINO L. CANTELE predeceases AUDREY H. CANTELE, then in that event the balance of the mortgage to Sun Bank Trust Co. in the present approximate principal amount of $82,500 shall be paid off by the TRUSTEE, and the real property where GRANTORS have resided shall be distributed to AUDREY H. CANTELE, free of trust.

d. The remainder of the trust corpus shall be distributed upon the death of GINO L. CANTELE as follows:

(1) Twenty percent (20%) to AUDREY H. CANTELE, wife of GINO L. CANTELE;

(2) Twenty percent (20%) to ANN CONVERSE, presently of Orlando, Florida, daughter of GINO L. CANTELE;

(3) Twenty percent (20%) to SUSAN BELTRAN, presently of Orlando, Florida, daughter of GINO L. CANTELE;

(4) Twenty percent (20%) to CATHY SIANO, presently of Worthington, Ohio, daughter of GINO L. CANTELE; and

(5) Twenty percent (20%) to SANDY CHESTNUT, presently of Sebring, Florida, daughter of GINO L. CANTELE.

e. In the event any of the aforesaid beneficiaries shall be deceased at the time such distribution is to be made, such person's share shall be distributed to such person's living issue, per stirpes, if any, and if none, then such property shall be distributed to the other remaining beneficiaries, if living, and if not, then to their then living issue, per stirpes.

ARTICLE 4. RETENTION OF BENEFICIARY INTEREST: In the event that any of the beneficiaries under this Trust shall not yet have attained the age of twenty-one (21) years when he or she becomes entitled to distribution of his or her share, then the TRUSTEE shall retain such share for the beneficiary until such beneficiary has attained the age of twenty-one (21) years; provided, however, that the TRUSTEE, in said TRUSTEE'S sole discretion, may make distributions from such interest so withheld for such beneficiary to provide such beneficiary with proper support, maintenance, care and education, through college if the TRUSTEE deems such appropriate.

ARTICLE 5. SPENDTHRIFT PROVISION: The interest of each beneficiary in the income or principal of the trust hereunder shall be free from the control or interference of any spouse of a married beneficiary and a beneficiary shall not have any right or power to anticipate, pledge, assign, sell, transfer, alienate or encumber his or her interest in the trust in any way; nor shall any such interest in any manner be liable for or subject to the debts, liabilities or obligations of such beneficiary or claims of any sort against such beneficiary.

ARTICLE 6. TRUSTEE'S POWERS: The TRUSTEE shall have full power:

a. Sell, Lease, Mortgage, etc. To buy and sell at public or private sale, exchange or lease or mortgage any property, real or personal, at any time constituting a portion of the Trust Fund, upon such terms and conditions as the TRUSTEE

shall deem wise;

b. Investments. To invest and reinvest the Trust Fund or any part thereof in any property, real or personal, including common and preferred stocks, investment trusts and mutual funds and other securities as the TRUSTEE shall deem wise;

c. Proxies. In respect to any securities, to vote upon any proposition or election at any meeting and to grant proxies, discretionary or otherwise, to vote at any such meeting;

d. Unproductive Assets. To retain, invest or reinvest any part of the Trust Fund in unproductive property, real or personal, without any duty to change the form of investment or apportion the proceeds of any sale between tenant and remainderman;

e. Distribution in Kind. The TRUSTEE shall have full power to make distributions in kind, i.e., either in the form of trust assets or cash, or a combination of both;

f. Determination of What is Income and Principal. To determine what is "Principal" and what is "Income" hereunder, in the TRUSTEE's discretion, without regard to any statute or rule of law, provided standard acceptable accounting principles are followed.

g. Method of Holding Title. To hold bonds, shares or other securities in bearer form, or in the name of the TRUSTEE or other nominee without indication of any fiduciary capacity; to deposit cash in a checking or savings account in a bank or savings and loan association and withdraw from the same without indication of fiduciary capacity;

h. Withdrawal Payments. To enter into any fixed or level payment withdrawal plan with any mutual funds authorizing payment to the GRANTORS or any other beneficiary hereunder of a specified monthly amount or amounts payable from income dividends, capital gains distributions, and to the extent necessary, from the proceeds of liquidation of shares of such mutual funds with a custodian or other agent pursuant to any such authorization;

i. Margin Accounts, Options, etc.. To buy and sell securities in a margin account, to purchase and sell put and call options, to buy and sell commodities, future contracts of any type and to speculate in foreign currencies and precious metals;

j. General Provision. To exercise any and all powers and discretion given to a TRUSTEE from time to time under the Florida Uniform Trust Administration Law and the Other laws

of the State of Florida not inconsistent with the provisions hereof.

k. Receive Property. To receive additional property from any person or entity, by Will or otherwise, as part of the trust estate.

l. Act Individually. GINO L. CANTELE and AUDREY H. CANTELE shall each have authority to act individually as TRUSTEE.

ARTICLE 7. DUTIES OF TRUSTEE: The TRUSTEE shall have the duty to file any required income tax, intangible tax, or other tax returns for the Trust and to see that any taxes due are paid thereon. The TRUSTEE shall have the duty to maintain records of receipts and disbursements of the Trust and the TRUSTEE shall also have the duty to account for all Trust proceeds of any type.

ARTICLE 8. SUCCESSION OF TRUSTEE: Upon the death, resignation or incapacity of both GINO L. CANTELE and AUDREY H. CANTELE, then the following are appointed to serve as successor CO-TRUSTEES, to-wit: SUSAN MARIE FREDERICKS, PAUL JOHN HANSEN, and ARMANDO CANTELE. Any successor TRUSTEE shall be entitled to a reasonable fee for services rendered in that capacity. The next successor TRUSTEE shall assume the capacity of any active TRUSTEE without further act or order and such successor TRUSTEE assuming an active fiduciary capacity shall be vested with all of the authority, powers and title of his predecessor TRUSTEE.

For purposes of this Agreement, in establishing the inability of a TRUSTEE to act or to continue to act hereunder, a TRUSTEE shall be considered to be unable to handle his fiduciary duties if he is under a legal disability or by reason of illness or mental or physical disability is unable to give prompt and intelligent consideration to financial matters. The determination as to a TRUSTEE'S inability at any time shall be made by the written statements of two (2) physicians licensed to practice medicine, and shall be sufficient to establish such inability or incapacity, and third parties are protected in relying upon such statements without any further act or notice. No further act on the part of any party hereto or of any court shall be necessary to vest in a successor TRUSTEE the fiduciary powers and duties in the supervision and management of this trust.

ARTICLE 9. TRUSTEE'S RESIGNATION: Each TRUSTEE hereunder (whether originally designated herein or appointed as a successor) shall have the right to resign at any time by giving thirty (30) days' written notice to that effect to the current income beneficiary or to the beneficiary or beneficiaries then entitled to any distributions hereunder. In that event, the

remaining CO-TRUSTEES or CO-TRUSTEE named hereinabove shall continue to serve as TRUSTEE. Thereafter, if no successor TRUSTEE designated herein shall accept appointment, then such beneficiary or beneficiaries shall have the right within such thirty (30) day period to appoint a successor TRUSTEE, and shall notify the resigning TRUSTEE of such appointment. In the event the said beneficiary or beneficiaries shall fail to designate a successor TRUSTEE within the time specified, the then acting TRUSTEE may apply to a court of competent jurisdiction, for leave to resign, for the appointment of a successor and the judicial settlement of such TRUSTEE's accounts.

ARTICLE 10. EXONERATION FOR DUTY TO AUDIT: Any successor TRUSTEE shall not be required or compelled, or be under any duty to examine, verify or audit the books, records or accounts of any preceding TRUSTEE and shall not be responsible for any acts of or omissions of the resigning of any other TRUSTEE hereunder.

ARTICLE 11. RULE AGAINST PERPETUITIES: Anything in this Trust Agreement to the contrary notwithstanding, no Trust created hereunder shall defer the vesting of any interest beyond twenty-one (21) years after the death of the last to die of the living beneficiaries herein and upon the expiration of such period all trust shall in any event vest and the assets thereof shall be distributable to those beneficiaries (and in the same proportions) as are then receiving the income therefrom.

ARTICLE 12. NON-LIABILITY OF THIRD PARTIES: Bank institutions, savings and loan institutions and stock brokerage firms and stock transfer agents, as well as all other third persons are authorized to rely on the provisions of this Trust instrument and are exonerated from any loss, claim or liability in relying on said instrument and its provisions. Parties dealing with the TRUSTEE and successor TRUSTEE named hereunder are not required to investigate or determine their authority, or the validity, or the advisability of the transactions, to see to the proper exercise of powers, or to follow the disposition of monies and/or property delivered to the TRUSTEE hereunder, including any successor TRUSTEE hereunder.

ARTICLE 13. AUTHORIZED SIGNATORIES: The TRUSTEE shall have the power and authority to designate the authorized signature or signatures on accounts with banks and savings and loan associations whether such signatories be a TRUSTEE or not and all institutions relying on such signatures authorized are exonerated from any loss, claim or liability. Accordingly, one of two or more TRUSTEE as well as non-fiduciary parties may be authorized signatories.

ARTICLE 14. PAYMENT OF TAXES AND EXPENSES: The TRUSTEE, in said TRUSTEE's sole discretion, may pay estate taxes, inheritance taxes and other death taxes due because of the

GRANTORS' deaths, if not otherwise paid, such to include taxes attributable to the subject Trust Assets. The TRUSTEE, in said TRUSTEE's sole discretion, may make certain elections pertaining to the filing of the Estate Tax Return and the Estate's Income Tax Returns. The TRUSTEE may make such elections without the necessity for making any adjustments between beneficiaries because of having made such elections and further, the TRUSTEE is exonerated from all liability for having made such elections. The TRUSTEE also is authorized to pay expenses or claims against the GRANTORS whether occurring before or after the death of the GRANTORS.

ARTICLE 15. GOVERNING LAW: This Agreement shall be construed and regulated in all respects by the Laws of the State of Florida, and the provisions of Florida Statute 737.402(4) shall not apply.

ARTICLE 16. AMENDMENT AND REVOCATION: This Trust is subject to revocation, change or amendment, in writing, by the GRANTORS, or the survivor of the two of them, from time to time.

IN WITNESS WHEREOF, the GRANTORS have hereunto executed this Agreement, and the TRUSTEES have hereunto executed this agreement the date first above written.

Signed, Sealed, and Delivered in the presence of:

Gino L. Cantele
GINO L. CANTELE
As Grantor and as Trustee

Juanita Shaw
JUANITA SHAW

Audrey H Cantele
AUDREY H. CANTELE
As Grantor and as Trustee

Donald R. Peyton
DONALD R. PEYTON

Signed, sealed, published, and declared by said GINO L. CANTELE and AUDREY H. CANTELE to be the GINO L. CANTELE and AUDREY H. CANTELE Revocable Living Trust Agreement in the presence of us, the undersigned, who, at the same time and at the request of GINO L. CANTELE and AUDREY H. CANTELE, and in the presence of each other, did hereunto subscribe our names as attesting witnesses.

Juanita Shaw of Bayonet Point, Florida.
JUANITA SHAW

________________________ of Port Richey, Florida.
DONALD R. PEYTON

State of Florida
County of HERNANDO

I HEREBY CERTIFY that GINO L. CANTELE and AUDREY H. CANTELE, each of whom produced his/her Florida driver's license for identification, personally appeared before me, a Notary Public, and they executed the foregoing instrument, and acknowledged the execution thereof to be their free act and deed for the uses and purposes therein set forth this September 28, 1994, and did take an oath.

________________________
Notary Public

Notary Public Seal
DONALD R. PEYTON
Notary Public, State of Florida
My Comm. Exp. 03-17-98
Comm. No. CC 356769

IN THE CIRCUIT COUIRT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA
PROBATE DIVISION

IN RE: ESTATE OF

GINO L. CANTELE, CASE NO. 11-27-CP-2004-1541-RT

Deceased.

______________________________/

**ACCEPTANCE BY SUCCESSOR PERSONAL REPRESENTATIVE**

I, Ann C. Converse, accept my appointment as successor Personal Representative of the Gino L. Cantele, effective immediately and upon Order of the Court approving the mediation settlement agreement.

Ann C. Converse
Ann C. Converse
Dated 8/24/2006

EXHIBIT
tabbies
65

IN THE CIRCUIT COUIRT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA
PROBATE DIVISION

IN RE: ESTATE OF

GINO L. CANTELE, CASE NO. 11-27-CP-2004-1541-RT

Deceased.

______________________________/

## ACCEPTANCE BY SUCCESSOR TRUSTEE

I, Ann C. Converse, accept my appointment as successor Trustee of the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement dated September 28, 1994, effective immediately.

[signature] Ann C. Converse
Ann C. Converse
Dated 8/24/2006

EXHIBIT
66

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA
PROBATE DIVISION

IN RE: ESTATE OF

GINO L. CANTELE, CASE NO: H-27-CP-2004-1541-RT

Deceased.
_______________________________/

**Resignation of Personal Representative**

I, Audrey H. Cantele, as Personal Representative of the Estate of Gino L. Cantele hereby resigns as Personal Representative of the Estate and consents to the appointment of Ann Converse as Successor Personal Representative of said Estate. This resignation is to be effective immediately upon Order of the Court approving the mediation settlement agreement and all notice thereof is waived.

Executed this 7th day of October, 2006.

Audrey H Cantele
Audrey H. Cantele

{00026240.DOC;1}

EXHIBIT
67

**Resignation of Trustee**

I, Audrey H. Cantele, as Trustee of the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement dated September 28, 1994 hereby resign as Trustee of the Trust and in favor of Ann Converse as successor trustee of said Trust. This resignation is to be effective immediately upon Order of the Court approving the mediation settlement agreement and all notice thereof is waived.

Executed this 7th day of October 2006.

Audrey H Cantele

Audrey H. Cantele

{00026122.DOC;1}

EXHIBIT

tabbies

68

# SETTLEMENT AGREEMENT

THIS AGREEMENT is entered into on October 31, 2006, among the following parties:

AUDREY H. CANTELE, individually ("Audrey"), as personal representative of the Estate of Gino L. Cantele ("Personal Representative"), and as Trustee under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement dated September 28, 1994; and

ANN CONVERSE, SUSAN BELTRAN, CATHY SIANO, and SANDRA CHESTNUT (collectively the "Children," with each individually being referred to as a "Child")

## WITNESSETH:

Audrey is the surviving spouse and beneficiary of Gino L. Cantele; the personal representative of his estate; and the trustee of a living trust as to which he was the co-creator. Children are the children of Gino L. Cantele.

Certain disputes have arisen among the parties pertaining to the administration of the Estate of Gino L. Cantele and the trust created under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement. The parties now wish to amicably resolve all such disputes on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of their mutual promises and for other good and valuable consideration, the parties agree as follows:

1. **Definitions.** For purposes of this Agreement:

   a. "Estate" shall refer to the Estate of Gino L. Cantele.

   b. "Trust" shall refer to the trust created under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement

   c. "The "Closing" shall be the closing referred to in paragraph 9 below.

2. **Resignations as Personal Representative and Trustee and appointment of successors.**

   a. Upon the execution of this Agreement, Audrey shall deliver to counsel for Children the following:

      i. Her signed resignation as Personal Representative of the Estate, effective upon acceptance by the Court in accordance with the relevant Florida Statutes and Florida Probate Rules.



EXHIBIT
tabbies
69

ii. Her signed resignation as Trustee of the Trust, effective upon the appointment by the Court of a successor Trustee or Trustees, along with signed Renunciations by Susan Marie Fredericks and Paul John Hansen of their rights, respectively, to serve as successor Trustees.

b. Children shall take such action as is necessary to obtain the Renunciations by Armando Cantele of his right to serve as successor Personal Representative and as successor Trustee.

c. Children shall consent to the Resignations by Audrey and shall thereafter take such action as is necessary to secure the appointment of successor Personal Representatives of the Estate and successor Trustees of the Trust.

d. Upon the appointment of the successor Personal Representatives, Audrey shall deliver to their counsel all estate assets, records, documents, papers, and other property of or concerning the Estate in her possession or control, as required by section 733.503, Florida Statutes. This shall include (without limitation) all assets and records relating to Ansucasa, LLC.

e. Upon the appointment of the successor Trustees, Audrey shall deliver to their counsel all Trust assets, records, documents, papers, and other property of or concerning the Estate in her possession or control, as required by section 733.503, Florida Statutes.

f. Audrey shall file and serve a Final Accounting of her administration as Personal Representative in accordance with section 733.5035, Florida; provided, however, that she need only account for transactions after March 31, 2006.

g. Audrey shall file and serve a Final Accounting of her administration as Trustee; provided, however, that she need only account for transactions after March 31, 2006.

3. **Continuing distributions.** The parties agree that Audrey, as Personal Representative and/or Trustee, shall make the regular August distribution of $2,300 to herself and each of the Children. Further, if she has not been discharged as Personal Representative by August 20, 2006, she shall likewise make the regular September distribution of $2,300 to herself and each of the Children.

4. **Distribution of personal property.** As soon as possible following the execution of this Agreement, Audrey shall turn over to the Children those items of tangible personal property listed on the attached Schedule A (with the items marked with an asterisk [*] to be turned over only if she can locate them in her home after a reasonably diligent search). The logistical arrangements involved in turning over such items shall be worked out between Joseph W. Fleece III and Larry Gonzales; it shall be the responsibility of Children to transport such items from the home of Audrey.

5. **Representation with respect to recreational vehicle.** Audrey hereby warrants and represents to Children that Gino L. Cantele's RV was owned in joint name between herself and Gino L. Cantele. This representation and warranty shall survive the Closing.

6. **Closing.**

a. At the Closing, the following shall be distributed to Audrey in full satisfaction of her interests as beneficiary under the Will and of the Trust:

i. A validly executed and recordable deed to the Estate's fifty per cent (50%) undivided interest as tenant in common in that certain real property described on the attached Schedule B. Such property shall be distributed to Audrey "as is" and subject to all unpaid taxes, mortgages, liens, easements, restrictions, and other encumbrances whatsoever; provided, however, that Children agree to take no action following the execution of this Agreement which would have the effect of creating any mortgage, lien, easement, restriction, or other encumbrance with respect to such property.

ii. Cash in the amount of One Hundred Seventy-Four Thousand Five Hundred Dollars ($174,500).

b. At the Closing, cash in the amount of Fifty Thousand Dollars ($50,000) shall be paid to Audrey, representing that portion of her personal representative's fee which is borne by Children.

c. Upon such distributions, Audrey shall provide Children with a signed Receipt acknowledging the full satisfaction of her interest in the Estate and full satisfaction of all fees and costs owed to her as Personal Representative or otherwise in connection with the administration of the Estate. The Receipt shall waive the requirement of a Final Accounting for the Estate, release the Personal Representatives from any liability, and consent to the discharge of the Personal Representatives of the Estate without further notice or hearing.

d. Upon such distributions, Audrey shall further provide Children with a signed Receipt acknowledging the full satisfaction of her interest in the Trust and full satisfaction of any fees and costs owed to her as Trustee or otherwise in connection with the administration of the Trust. The Receipt shall waive the requirement of a Final Accounting for the Trust and shall release the Trustees from any liability.

e. At the Closing, Larry Gonzales shall receive the amount of Five Thousand Dollars ($5,000) in full satisfaction of his unpaid fees and costs through the conclusion of his representation of Audrey as Personal Representative and Trustee.

f. Not later than the Closing, Children shall take such action as may be necessary (such as a refinancing) to obtain the release of Audrey from any further legal responsibility with respect to the existing first mortgage on the real property owned by the Trust. Children shall provide Larry Gonzales with evidence of such release as soon as it is available.

g. Children shall be entitled to all remaining assets of the Estate and Trust following the distributions set forth in this paragraph 6.

7. **Estate taxes.** The parties agree that Audrey shall have no further liability for estate taxes or for interest and penalties on such estate taxes attributable to the Estate or Trust. Children shall indemnify her against and hold her harmless from such taxes, interest, and penalties. Children shall be responsible for seeing to the determination and satisfaction of all such taxes, interest, and penalties.

8. **Legal fees.**

a. All parties acknowledge that the legal services of Larry Gonzales, Joseph W. Fleece III, and Thomas J. Ellwanger were all instrumental in seeing to the proper administration of the Estate and Trust and therefore all benefited the Estate, the Trust, and the beneficiaries of each. All parties stipulate that the fees of, and costs incurred by, such counsel are proper administrative expenses of the Estate and the Trust.

b. At the Closing, Children shall satisfy all remaining fees and costs due to Joseph W. Fleece III and Thomas J. Ellwanger. Children all agree that the total fees and costs of both should be borne equally by each Child, with proper credit being given to payments already made.

9. **Closing.** The Closing shall occur at the office of Larry Gonzales in Clearwater, Florida, at 10 a.m. on November 10, 2006, or at such other time and place as the parties may agree.

10. **Mutual releases.**

a. In consideration of the provisions of this Agreement, Children, for themselves and for anyone claiming by or through them, fully release, acquit and forever discharge Audrey and her heirs, personal representatives, successors and assigns, from any and all actions, claims and demands of any nature, type or kind, in law or equity, in

contract or tort, whether known or unknown, accrued or not, for all acts or omissions through the present arising out of or related in any manner to the subject matter raised in the lawsuits further described in paragraph 11 below. This release includes, without limitation, a release of all claims, cross-claims or counterclaims brought or which could be brought in those lawsuits. This provision shall become operative on the filing of the dismissals of both lawsuits.

b. In consideration of the provisions of this Agreement, Audrey, for herself and anyone claiming by or through her, fully releases, acquits and forever discharges Children and their heirs, personal representatives, and assigns, from any and all actions, claims and demands of any nature, type or kind, in law or equity, in contract or tort, whether known or unknown, accrued or not, for all acts or omissions through the present arising out of or related in any manner to the subject matter raised in the lawsuits further described in paragraph 11 below. This release includes, without limitation, a release of all claims, cross-claims or counterclaims brought or which could be brought in those lawsuits. This provision shall become operative on the filing of the dismissals of both lawsuits.

c. It is provided, however, that nothing in this paragraph 10 shall bar the enforcement of any of the provisions of this Agreement.

11. **Court approval.** The parties agree that the settlement reflected by this Agreement shall be contingent upon approval of the Circuit Court of Hernando County, Florida, in the probate proceedings for Gino L. Cantele, case no. H-27-CP-2004-1541. . All parties shall use their best efforts to secure such approval. All parties agree to execute, simultaneously with the execution of this Agreement, a stipulated Motion for Approval of this Settlement and/or Waiver and Consent forms consenting to the entry of an order approving this settlement without further notice or hearing.

12. **Dismissal of pending actions.** Children agree to dismiss with prejudice their pending legal actions, as follows:

a. The adversary proceeding with respect to the Estate of Gino L. Cantele, styled "Ann Converse, et. alia, vs. Audrey H. Cantele, etc.," presently pending in the Circuit Court of Hernando County, Florida, as part of the probate proceedings, case no. H-27-CP-2004-1541, to be dismissed upon entry of the Court order approving this Agreement.

b. The proceedings with respect to the Trust styled "Ann Converse, et alia, vs. Audrey H. Cantele, etc.," presently pending in the in the Circuit Court of Hernando County, Florida, case no. H-27-CA-2005-1258, to be dismissed upon entry of a Court order appointing successor Trustees of the Trust.

13. **Other provisions.**

a. This Agreement represents the entire agreement of the parties with respect to the settlement of the Estate, the Trust, and the litigation referred to above. There are

no other agreements not incorporated within it. This Agreement may be amended only by a writing signed by all parties (or their successors in interest).

b. This Agreement is the product of joint negotiations, with each party having input into its terms and conditions. Therefore, no provision of this Agreement shall be construed against any party.

c. This Agreement shall be binding upon the parties and their successors, heirs, personal representatives, and assigns.

d. Each party agrees to execute any documents, and to take any other action, reasonably required to carry out the terms and intent of this Agreement.

e. This Agreement is made in Florida and shall be construed in accordance with Florida law.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the day and year first set out above.

Audrey H. Cantele individually, as personal representative of the Estate of Gino H. Cantele, and as Trustee under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement

Ann Converse

Susan Beltran

Cathy Siano

Sandra Chestnut

b. This Agreement is the product of joint negotiations, with each party having input into its terms and conditions. Therefore, no provision of this Agreement shall be construed against any party.

c. This Agreement shall be binding upon the parties and their successors, heirs, personal representatives, and assigns.

d. Each party agrees to execute any documents, and to take any other action, reasonably required to carry out the terms and intent of this Agreement.

e. This Agreement is made in Florida and shall be construed in accordance with Florida law.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the day and year first set out above.

________________________________
Audrey H. Cantele individually, as personal representative of the Estate of Gino H. Cantele, and as Trustee under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement

________________________________
Ann Converse

________________________________
Susan Beltran

Cathy Siano
________________________________
Cathy Siano

________________________________
Sandra Chestnut

**ESTATE OF CANTELE**
**SETTLEMENT AGREEMENT**

**SCHEDULE A**

**TANGIBLE PERSONAL PROPERTY TO BE TURNED OVER TO CHILDREN PER PARAGRAPH 4 ABOVE**

1. Eagle statue
2. All American football trophy or trophies
3. Football pictures
4. Morgan Park picture
5. Slot machine with stand
6. Antique propeller
7. *Diamond ring Mom gave at 25th Anniversary
8. Family photos and slides, etc.
9. Flight log books
10. *Airplane flying though clouds – Beechcraft
11. Hobby stuff – airplanes
12. *Football – last game leather college football
13. Items on the attached Appraisal dated May 26, 2005.
14. Purple stone ring
15. Class ring
16. *Mirror – hand painted (above credenza)

*** Items to be turned over only if Audrey H. Cantele can locate them in her home after a reasonably diligent search.**

**ESTATE OF CANTELE**
**SETTLEMENT AGREEMENT**

**SCHEDULE B**

**LEGAL DESCRIPTION OF REAL PROPERTY TO BE CONVEYED TO AUDREY H. CANTELE PER PARAGRAPH 6 ABOVE.**

50% undivided interest in LOT 4, BLOCK 76, GULF COAST RETREATS, UNIT 6 as per plat thereof recorded in Plat Book 7, Page 14, of the Public Records of Hernando County, Florida.