# Resignation of Trustee

I, Audrey H. Cantele, as Trustee of the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement dated September 28, 1994 hereby resign as Trustee of the Trust and in favor of Ann Converse as successor trustee of said Trust. This resignation is to be effective immediately upon Order of the Court approving the mediation settlement agreement and all notice thereof is waived.

Executed this 7 day of October 2006.

Audrey H Cantele

Audrey H. Cantele

{00026122.DOC;1}

EXHIBIT 68

# SETTLEMENT AGREEMENT

THIS AGREEMENT is entered into on October 31, 2006, among the following parties:

AUDREY H. CANTELE, individually ("Audrey"), as personal representative of the Estate of Gino L. Cantele ("Personal Representative"), and as Trustee under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement dated September 28, 1994; and

ANN CONVERSE, SUSAN BELTRAN, CATHY SIANO, and SANDRA CHESTNUT (collectively the "Children," with each individually being referred to as a "Child")

WITNESSETH:

Audrey is the surviving spouse and beneficiary of Gino L. Cantele; the personal representative of his estate; and the trustee of a living trust as to which he was the co-creator. Children are the children of Gino L. Cantele.

Certain disputes have arisen among the parties pertaining to the administration of the Estate of Gino L. Cantele and the trust created under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement. The parties now wish to amicably resolve all such disputes on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of their mutual promises and for other good and valuable consideration, the parties agree as follows:

1. **Definitions.** For purposes of this Agreement:

a. "Estate" shall refer to the Estate of Gino L. Cantele.

b. "Trust" shall refer to the trust created under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement

c. "The "Closing" shall be the closing referred to in paragraph 9 below.

2. **Resignations as Personal Representative and Trustee and appointment of successors.**

a. Upon the execution of this Agreement, Audrey shall deliver to counsel for Children the following:

i. Her signed resignation as Personal Representative of the Estate, effective upon acceptance by the Court in accordance with the relevant Florida Statutes and Florida Probate Rules.



EXHIBIT
tabbies
69

ii. Her signed resignation as Trustee of the Trust, effective upon the appointment by the Court of a successor Trustee or Trustees, along with signed Renunciations by Susan Marie Fredericks and Paul John Hansen of their rights, respectively, to serve as successor Trustees.

b. Children shall take such action as is necessary to obtain the Renunciations by Armando Cantele of his right to serve as successor Personal Representative and as successor Trustee.

c. Children shall consent to the Resignations by Audrey and shall thereafter take such action as is necessary to secure the appointment of successor Personal Representatives of the Estate and successor Trustees of the Trust.

d. Upon the appointment of the successor Personal Representatives, Audrey shall deliver to their counsel all estate assets, records, documents, papers, and other property of or concerning the Estate in her possession or control, as required by section 733.503, Florida Statutes. This shall include (without limitation) all assets and records relating to Ansucasa, LLC.

e. Upon the appointment of the successor Trustees, Audrey shall deliver to their counsel all Trust assets, records, documents, papers, and other property of or concerning the Estate in her possession or control, as required by section 733.503, Florida Statutes.

f. Audrey shall file and serve a Final Accounting of her administration as Personal Representative in accordance with section 733.5035, Florida; provided, however, that she need only account for transactions after March 31, 2006.

g. Audrey shall file and serve a Final Accounting of her administration as Trustee; provided, however, that she need only account for transactions after March 31, 2006.

3. **Continuing distributions.** The parties agree that Audrey, as Personal Representative and/or Trustee, shall make the regular August distribution of $2,300 to herself and each of the Children. Further, if she has not been discharged as Personal Representative by August 20, 2006, she shall likewise make the regular September distribution of $2,300 to herself and each of the Children.

4. **Distribution of personal property.** As soon as possible following the execution of this Agreement, Audrey shall turn over to the Children those items of tangible personal property listed on the attached Schedule A (with the items marked with an asterisk [*] to be turned over only if she can locate them in her home after a reasonably diligent search). The logistical arrangements involved in turning over such items shall be worked out between Joseph W. Fleece III and Larry Gonzales; it shall be the responsibility of Children to transport such items from the home of Audrey.

5. **Representation with respect to recreational vehicle.** Audrey hereby warrants and represents to Children that Gino L. Cantele's RV was owned in joint name between herself and Gino L. Cantele. This representation and warranty shall survive the Closing.

6. **Closing.**

a. At the Closing, the following shall be distributed to Audrey in full satisfaction of her interests as beneficiary under the Will and of the Trust:

i. A validly executed and recordable deed to the Estate's fifty per cent (50%) undivided interest as tenant in common in that certain real property described on the attached Schedule B. Such property shall be distributed to Audrey "as is" and subject to all unpaid taxes, mortgages, liens, easements, restrictions, and other encumbrances whatsoever; provided, however, that Children agree to take no action following the execution of this Agreement which would have the effect of creating any mortgage, lien, easement, restriction, or other encumbrance with respect to such property.

ii. Cash in the amount of One Hundred Seventy-Four Thousand Five Hundred Dollars ($174,500).

b. At the Closing, cash in the amount of Fifty Thousand Dollars ($50,000) shall be paid to Audrey, representing that portion of her personal representative's fee which is borne by Children.

c. Upon such distributions, Audrey shall provide Children with a signed Receipt acknowledging the full satisfaction of her interest in the Estate and full satisfaction of all fees and costs owed to her as Personal Representative or otherwise in connection with the administration of the Estate. The Receipt shall waive the requirement of a Final Accounting for the Estate, release the Personal Representatives from any liability, and consent to the discharge of the Personal Representatives of the Estate without further notice or hearing.

d. Upon such distributions, Audrey shall further provide Children with a signed Receipt acknowledging the full satisfaction of her interest in the Trust and full satisfaction of any fees and costs owed to her as Trustee or otherwise in connection with the administration of the Trust. The Receipt shall waive the requirement of a Final Accounting for the Trust and shall release the Trustees from any liability.

e. At the Closing, Larry Gonzales shall receive the amount of Five Thousand Dollars ($5,000) in full satisfaction of his unpaid fees and costs through the conclusion of his representation of Audrey as Personal Representative and Trustee.

f. Not later than the Closing, Children shall take such action as may be necessary (such as a refinancing) to obtain the release of Audrey from any further legal responsibility with respect to the existing first mortgage on the real property owned by the Trust. Children shall provide Larry Gonzales with evidence of such release as soon as it is available.

g. Children shall be entitled to all remaining assets of the Estate and Trust following the distributions set forth in this paragraph 6.

7. **Estate taxes.** The parties agree that Audrey shall have no further liability for estate taxes or for interest and penalties on such estate taxes attributable to the Estate or Trust. Children shall indemnify her against and hold her harmless from such taxes, interest, and penalties. Children shall be responsible for seeing to the determination and satisfaction of all such taxes, interest, and penalties.

8. **Legal fees.**

a. All parties acknowledge that the legal services of Larry Gonzales, Joseph W. Fleece III, and Thomas J. Ellwanger were all instrumental in seeing to the proper administration of the Estate and Trust and therefore all benefited the Estate, the Trust, and the beneficiaries of each. All parties stipulate that the fees of, and costs incurred by, such counsel are proper administrative expenses of the Estate and the Trust.

b. At the Closing, Children shall satisfy all remaining fees and costs due to Joseph W. Fleece III and Thomas J. Ellwanger. Children all agree that the total fees and costs of both should be borne equally by each Child, with proper credit being given to payments already made.

9. **Closing.** The Closing shall occur at the office of Larry Gonzales in Clearwater, Florida, at 10 a.m. on November 10, 2006, or at such other time and place as the parties may agree.

10. **Mutual releases.**

a. In consideration of the provisions of this Agreement, Children, for themselves and for anyone claiming by or through them, fully release, acquit and forever discharge Audrey and her heirs, personal representatives, successors and assigns, from any and all actions, claims and demands of any nature, type or kind, in law or equity, in

contract or tort, whether known or unknown, accrued or not, for all acts or omissions through the present arising out of or related in any manner to the subject matter raised in the lawsuits further described in paragraph 11 below. This release includes, without limitation, a release of all claims, cross-claims or counterclaims brought or which could be brought in those lawsuits. This provision shall become operative on the filing of the dismissals of both lawsuits.

b. In consideration of the provisions of this Agreement, Audrey, for herself and anyone claiming by or through her, fully releases, acquits and forever discharges Children and their heirs, personal representatives, and assigns, from any and all actions, claims and demands of any nature, type or kind, in law or equity, in contract or tort, whether known or unknown, accrued or not, for all acts or omissions through the present arising out of or related in any manner to the subject matter raised in the lawsuits further described in paragraph 11 below. This release includes, without limitation, a release of all claims, cross-claims or counterclaims brought or which could be brought in those lawsuits. This provision shall become operative on the filing of the dismissals of both lawsuits.

c. It is provided, however, that nothing in this paragraph 10 shall bar the enforcement of any of the provisions of this Agreement.

11. **Court approval.** The parties agree that the settlement reflected by this Agreement shall be contingent upon approval of the Circuit Court of Hernando County, Florida, in the probate proceedings for Gino L. Cantele, case no. H-27-CP-2004-1541. . All parties shall use their best efforts to secure such approval. All parties agree to execute, simultaneously with the execution of this Agreement, a stipulated Motion for Approval of this Settlement and/or Waiver and Consent forms consenting to the entry of an order approving this settlement without further notice or hearing.

12. **Dismissal of pending actions.** Children agree to dismiss with prejudice their pending legal actions, as follows:

a. The adversary proceeding with respect to the Estate of Gino L. Cantele, styled "Ann Converse, et. alia, vs. Audrey H. Cantele, etc.," presently pending in the Circuit Court of Hernando County, Florida, as part of the probate proceedings, case no. H-27-CP-2004-1541, to be dismissed upon entry of the Court order approving this Agreement.

b. The proceedings with respect to the Trust styled "Ann Converse, et alia, vs. Audrey H. Cantele, etc.," presently pending in the in the Circuit Court of Hernando County, Florida, case no. H-27-CA-2005-1258, to be dismissed upon entry of a Court order appointing successor Trustees of the Trust.

13. **Other provisions.**

a. This Agreement represents the entire agreement of the parties with respect to the settlement of the Estate, the Trust, and the litigation referred to above. There are

no other agreements not incorporated within it. This Agreement may be amended only by a writing signed by all parties (or their successors in interest).

b. This Agreement is the product of joint negotiations, with each party having input into its terms and conditions. Therefore, no provision of this Agreement shall be construed against any party.

c. This Agreement shall be binding upon the parties and their successors, heirs, personal representatives, and assigns.

d. Each party agrees to execute any documents, and to take any other action, reasonably required to carry out the terms and intent of this Agreement.

e. This Agreement is made in Florida and shall be construed in accordance with Florida law.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the day and year first set out above.

Audrey H. Cantele individually, as personal representative of the Estate of Gino H. Cantele, and as Trustee under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement

Ann Converse

Susan Beltran

Cathy Siano

Sandra Chestnut

b. This Agreement is the product of joint negotiations, with each party having input into its terms and conditions. Therefore, no provision of this Agreement shall be construed against any party.

c. This Agreement shall be binding upon the parties and their successors, heirs, personal representatives, and assigns.

d. Each party agrees to execute any documents, and to take any other action, reasonably required to carry out the terms and intent of this Agreement.

e. This Agreement is made in Florida and shall be construed in accordance with Florida law.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the day and year first set out above.

______________________________
Audrey H. Cantele individually, as personal representative of the Estate of Gino H. Cantele, and as Trustee under the Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement

______________________________
Ann Converse

______________________________
Susan Beltran

Cathy Siano
Cathy Siano

______________________________
Sandra Chestnut

**ESTATE OF CANTELE**
**SETTLEMENT AGREEMENT**

## SCHEDULE A

## TANGIBLE PERSONAL PROPERTY TO BE TURNED OVER TO CHILDREN PER PARAGRAPH 4 ABOVE

1. Eagle statue
2. All American football trophy or trophies
3. Football pictures
4. Morgan Park picture
5. Slot machine with stand
6. Antique propeller
7. *Diamond ring Mom gave at 25th Anniversary
8. Family photos and slides, etc.
9. Flight log books
10. *Airplane flying though clouds – Beechcraft
11. Hobby stuff – airplanes
12. *Football – last game leather college football
13. Items on the attached Appraisal dated May 26, 2005.
14. Purple stone ring
15. Class ring
16. *Mirror – hand painted (above credenza)

*** Items to be turned over only if Audrey H. Cantele can locate them in her home after a reasonably diligent search.**

**ESTATE OF CANTELE**
**SETTLEMENT AGREEMENT**

**SCHEDULE B**

**LEGAL DESCRIPTION OF REAL PROPERTY TO BE CONVEYED TO AUDREY H. CANTELE PER PARAGRAPH 6 ABOVE.**

50% undivided interest in LOT 4, BLOCK 76, GULF COAST RETREATS, UNIT 6 as per plat thereof recorded in Plat Book 7, Page 14, of the Public Records of Hernando County, Florida.