IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BAY PLAZA PROPERTIES, LLC, et al., | ) | Hon. Lawrence M. Baskir |
| Plaintiffs, | ) | |
| | ) | No. 08-198 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## ANSWER TO AMENDED COMPLAINT

Now comes defendant, United States, and answers plaintiffs' Amended Complaint as follows:

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of the first unnumbered paragraph of plaintiffs' Amended Complaint. With respect to the third sentence of the first unnumbered paragraph of plaintiffs' Amended Complaint, defendant admits only that Seaboard Air Line Railway Company built a railway in 1910 along an approximately 12 mile long corridor from Sarasota, Florida to Venice, Florida. Defendant denies any other allegations contained in the third sentence of the first unnumbered paragraph. Defendant is without knowledge or information sufficient to form a belief as to the truth of falsity

of the allegations contained in the fourth sentence of the first unnumbered paragraph of plaintiffs' Amended Complaint.

The allegations of the second unnumbered paragraph of plaintiffs' Amended Complaint are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied.

The allegations of the third unnumbered paragraph of plaintiffs' Amended Complaint, and the footnote thereto, are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied.

With respect to the first sentence of the fourth unnumbered paragraph of plaintiffs' Amended Complaint, defendant admits only that on April 2, 2004, the Surface Transportation Board ("STB") issued a Notice of Interim Trail Use ("NITU") covering a portion of railroad "between milepost SW 892 outside the city limits of the City of Sarasota, FL, and milepost 904.4 near the City of Venice, FL, a distance of approximately 12.43 miles, in Sarasota, FL...." The NITU is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of the fourth unnumbered paragraph of plaintiffs' Amended Complaint. The allegations

of the third sentence of the fourth unnumbered paragraph of plaintiffs' Amended Complaint are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied.

The allegations of the fifth unnumbered paragraph of plaintiffs' Amended Complaint are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied. Defendant specifically denies that it has taken plaintiffs' property.

The allegations of the first sentence of the sixth unnumbered paragraph of plaintiffs' Amended Complaint are conclusions of law and/or a characterization of their cause of action, to which no response is required. The allegations of the second sentence of the sixth unnumbered paragraph of plaintiffs' Amended Complaint are conclusions of law and/or a characterization of plaintiffs' demand for relief to which no response is required.

The seventh unnumbered paragraph of plaintiffs' Amended Complaint is plaintiffs' demand for attorney's fees and expenses to which no response is required.

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required. Defendant admits that the Tucker Act, 28

U.S.C. § 1491, is the principal statute conferring jurisdiction on this Court to hear Fifth Amendment takings claims.

2. The allegations contained in paragraph 2, and its subparagraphs, are characterizations of law to which no response is required.

(a) Defendant admits that subparagraph (a) of paragraph 2 accurately quotes the Fifth Amendment to the United States Constitution.

(b) Defendant admits that the National Trails System Act Amendment of 1983 ("Trails Act"), can be found at 16 U.S.C. § 1247(d).

(c) Defendant avers that the Tucker Act, 28 U.S.C. § 1491(a), is more correctly quoted as follows: "The United States Court of Federal Claims shall have jurisdiction to render judgment on any claim against the United States founded . . . upon the Constitution . . . ."

(d) Defendant admits that subparagraph (b) of paragraph 2 accurately quotes the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 2654(c).

3. Defendant denies the allegations of paragraph 3.

4. Defendant denies the allegations of paragraph 4.

5. Defendant admits that paragraph 5 contains an accurate quote of

language found in a November 5, 1910 deed from Adrian C. Honore to Seaboard Air Line Railway, which deed is one of the documents attached as Exhibit 1 to plaintiffs' Complaint. The deed from Adrian C. Honore to Seaboard Air Line Railway dated November 5, 1910 is the best evidence of its contents.

6. Defendant denies the allegations of paragraph 6.

7. Defendant admits only that "[b]y petition filed on December 15, 2003, Seminole Gulf Railway, L.P. (SGLR) [sought] exemption under 49 U.S.C. 10502 from the prior approval requirements of 49 U.S.C. 10903 to abandon a portion of its Venice Branch between milepost SW 892 outside the city limits of the City of Sarasota, FL, and milepost 904.4 near the City of Venice, FL, a distance of approximately 12.43 miles, in Sarasota County, FL (the line). The line includes a "wye and stub at approximately milepost 904.2 and side tracks." See Complaint, Exhibit 2, which is the best evidence of its contents.

8. Defendant admits that paragraph 8 accurately quotes the NITU, which is attached as Exhibit 2 to the Complaint and is the best evidence of its contents.

9. Admitted.

10. Defendant admits that on April 2, 2004, the STB issued a NITU covering a portion of railroad "between milepost SW 892 outside the city limits of the City of Sarasota, FL, and milepost 904.4 near the City of Venice, FL, a distance of approximately 12.43 miles, in Sarasota, FL...." The NITU, attached as Exhibit 2 to the Complaint, is the best evidence of its contents.

11. Defendant admits that a NITU dated April 2, 2004 granted SGLR and CSX an exemption to abandon the rail corridor described therein. Defendant also admits that SGLR and CSX transferred the same rail corridor to the Trust for Public land by quitclaim deed on December 20, 2004. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12.

13. Defendant admits that on October 14, 2004, Sarasota County was granted its request to extend the NITU negotiating period to December 28, 2004.

14. Defendant admits the allegations of the first sentence of paragraph 14. Defendant is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in the second sentence of paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

17. With respect to the first sentence of paragraph 17, defendant admits that the Trust for Public Land is a national, nonprofit, land conservation organization. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the second sentence of paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.

20. Defendant admits that paragraph 20 accurately quotes the Trails Act, 16 U.S.C. § 1247(d).

21. The allegations contained in paragraph 21 are conclusions of law to which no response is required. To the extent matters of fact are alleged,

defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21.

22. The allegations of paragraph 22 are conclusions of law to which no response is required.

23. With respect to the allegations of the first sentence of paragraph 23, they are conclusions of law to which no response is required. With respect to the remainder of paragraph 23, defendant admits that it accurately quotes Preseault v. United States, 494 U.S. 1 (1990).

24. Defendant admits that paragraph 24 accurately quotes Preseault v. United States, 100 F.3d 1525 (Fed. Cir. 1996). In all other respects, the allegations of paragraph 24 are conclusions of law to which no response is required.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25. Defendant denies plaintiffs' characterization of the property as abandoned.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26. Defendant denies

that a new easement has been appropriated.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27. Defendant specifically denies that a taking has occurred.

28. With respect to the allegations of the first sentence of paragraph 28, they are conclusions of law to which no response is required. With respect to the remainder of paragraph 28, defendant admits that it accurately quotes Barclay v. United States, 443 F.3d 1368 (Fed. Cir. 2006).

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required. Defendant denies that plaintiffs are due just compensation.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30.

31. Defendant admits that Exhibit 4 is a Warranty Deed which purports to have conveyed certain property to Bay Plaza Properties, L.L.C. on July 1, 1998. Exhibit 4 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 31.

32. With respect to paragraph 32, defendant admits that Exhibit 5 is a

survey depicting a property that abuts the Seminole Gulf Railway for 308.12 feet. Exhibit 5 is the best evidence of its contents. The remaining allegations contained in paragraph 32 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

33. The allegations of paragraph 33 are conclusions of law to which no response is required. Defendant admits that Exhibit 6 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0406-15-0002. Exhibit 6 is the best evidence of its contents.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34.

35. Defendant admits that Exhibit 7 is a Warranty Deed which purports to have conveyed certain property to Bee Ridge, LLC on August 21, 2003. Exhibit 7 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations of paragraph 35.

36. With respect to paragraph 36, defendant admits that Exhibit 8 is a survey depictingproperty that abuts a railroad right of way. Exhibit 8 is the best evidence of its contents. The remaining allegations contained in paragraph 36 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

37. The allegations of paragraph 37 are conclusions of law to which no response is required. Defendant admits that Exhibit 9 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0070-02-0029. Exhibit 9 is the best evidence of its contents.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38.

39. Defendant admits that Exhibit 10 is a Quitclaim Deed which purports to have conveyed certain property to Calusa Lake Community Association,

Inc. on September 24, 2003. Exhibit 10 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 39.

40. With respect to paragraph 40, defendant admits that Exhibit 11 is a survey depicting property that abuts the Seminole Gulf Railway's right of way. Exhibit 11 is the best evidence of its contents. The remaining allegations contained in paragraph 40 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42.

43. Defendant admits that Exhibit 12 is a Warranty Deed which purports

to have conveyed certain property to Cramer Motors, Inc. on July 9, 1993. Exhibit 12 is the best evidence of its contents. Defendant admits that Exhibit 13 is a Warranty Deed which purports to have conveyed certain property to Cramer Motors, Inc. on October 30, 2001. Exhibit 13 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 43.

44. The allegations of paragraph 44 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

45. The allegations of paragraph 45 are conclusions of law to which no response is required. Defendant admits that Exhibit 14 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0427-12-0002. Defendant further admits that Exhibit 15 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0427-13-0018. Exhibits 14 and

15 are the best evidence of their respective contents.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46.

47. Defendant admits that Exhibit 16 is a Mortgage Deed which purports to have conveyed certain property to Broad Acre Trailer Lodge, Inc. on July 1, 1969. Exhibit 16 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 47.

48. The allegations of paragraph 48 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

49. The allegations of paragraph 49 are conclusions of law to which no response is required. Defendant admits that Exhibit 17 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0052-11-0001. Exhibit 17 is the best evidence of its contents.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50.

51. Defendant admits that Exhibit 18 is a Deed In Lieu of Foreclosure which purports to have conveyed certain property to Florida Lessor - Five Facilities, Inc. on February 13, 2003. Exhibit 18 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 51.

52. With respect to paragraph 52, defendant admits that Exhibit 19 is a survey depicting a property that abuts the Seaboard Coast Line Railroad. Exhibit 19 is the best evidence of its contents. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

53. The allegations of paragraph 53 are conclusions of law to which no response is required. Defendant admits that Exhibit 20 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0052-04-1001.

Exhibit 20 is the best evidence of its contents.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54.

55. Defendant admits that Exhibit 21 is a Warranty Deed which purports to have conveyed certain property to Florida Rock Concrete, Inc. on August 31, 2001. Exhibit 21 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 55.

56. With respect to paragraph 56, defendant admits that Exhibit 22 is a survey depicting a property that abuts the CSX right of way for 425 feet. Exhibit 22 is the best evidence of its contents. The remaining allegations contained in paragraph 56 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

57. The allegations of paragraph 57 are conclusions of law to which no

response is required. Defendant admits that Exhibit 23 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0097-05-0017. Exhibit 23 is the best evidence of its contents.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58.

59. Defendant admits that Exhibit 24 is a Warranty Deed which purports to have conveyed certain property to Kimal Lumber Company on January 1, 1986. Exhibit 24 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 59.

60. With respect to paragraph 60, defendant admits that Exhibit 25 is a survey depicting a property that abuts the Seaboard Coastline Railroad right of way for 444.75 feet. Exhibit 25 is the best evidence of its contents. The remaining allegations contained in paragraph 60 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any

remaining factual allegations contained in this paragraph.

61. The allegations of paragraph 61 are conclusions of law to which no response is required. Defendant admits that Exhibit 26 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0405-03-0016. Exhibit 26 is the best evidence of its contents.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62.

63. Defendant admits that Exhibit 27 is a Mortgage Deed which purports to have conveyed certain property to Pine Ranch East Owners Association, Inc. on May 8, 1991. Exhibit 27 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 63.

64. The allegations of paragraph 64 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

65. The allegations of paragraph 65 are conclusions of law to which no response is required. Defendant admits that Exhibit 28 is a copy of a plat titled Pine Ranch East. Exhibit 28 is the best evidence of its contents.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66.

67. Defendant admits that Exhibit 29 is a Mortgage Deed which purports to have conveyed certain property to Post Office Properties, Inc. on July 1, 1994. Exhibit 29 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 67.

68. The allegations of paragraph 68 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

69. The allegations of paragraph 69 are conclusions of law to which no response is required. Defendant admits that Exhibit 30 is a copy of the

Sarasota County Appraiser's Report for a parcel numbered 0070-07-0039. Exhibit 30 is the best evidence of its contents.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70.

71. Defendant admits that Exhibit 31 is a Warranty Deed which purports to have conveyed certain property to Public Storage, Inc. on July 1, 1994. Exhibit 31 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 71.

72. With respect to paragraph 72, defendant admits that Exhibit 32 is a survey depicting a property that abuts the Seaboard Coastline Railroad. Exhibit 32 is the best evidence of its contents. The remaining allegations contained in paragraph 72 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

73. The allegations of paragraph 73 are conclusions of law to which no response is required. Defendant admits that Exhibit 33 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0428-03-0006. Exhibit 33 is the best evidence of its contents.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74.

75. Defendant admits that Exhibit 34 is a Warranty Deed which purports to have conveyed certain property to Pulte Home Corporation on October 23, 2000. Exhibit 34 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 75.

76. With respect to paragraph 76, defendant admits that Exhibit 35 is a survey depicting a property that abuts the Seminole Gulf Railway. Exhibit 35 is the best evidence of its contents. The remaining allegations contained in paragraph 76 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as

to the truth or falsity of any remaining factual allegations contained in this paragraph.

77. The allegations of paragraph 77 are conclusions of law to which no response is required. To the extent a response is deemed required, defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 77.

78. Defendant admits that Exhibit 36 is a Quit Claim Deed which purports to convey certain property owned by Pulte Home Corporation on December 23, 2005. Exhibit 36 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 78.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79.

80. Defendant admits that Exhibit 37 is a Warranty Deed which purports to have conveyed certain property to Sarasota Investment Company, Inc. on June 26, 1979. Exhibit 37 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 80.

81. The allegations of paragraph 81 are conclusions of law to which no

response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

82. The allegations of paragraph 82 are conclusions of law to which no response is required. Defendant admits that Exhibit 38 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0070-07-0059. Exhibit 38 is the best evidence of its contents.

83. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83.

84. Defendant admits that Exhibit 39 is an Indenture which purports to have conveyed certain property to Southern Spring and Stamping, Inc. on September 1, 1957. Exhibit 39 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 84.

85. The allegations of paragraph 85 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant

denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

86. The allegations of paragraph 86 are conclusions of law to which no response is required. Defendant admits that Exhibit 40 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0407-07-0001. Exhibit 40 is the best evidence of its contents.

87. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87.

88. Defendant admits that Exhibit 41 is a Warranty Deed which purports to have conveyed certain property to Stoneybrook Gold and Country Club of Sarasota, Inc. on August 8, 1996. Exhibit 41 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 88.

89. The allegations of paragraph 89 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant

denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

90. The allegations of paragraph 90 are conclusions of law to which no response is required. Defendant admits that Exhibit 42 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0134-04-0001. Exhibit 42 is the best evidence of its contents.

91. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91.

92. Defendant admits that Exhibit 43 is a Warranty Deed which purports to have conveyed certain property to Tournament Players Club at Prestancia, Inc. on January 29, 1992. Exhibit 43 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 92.

93. The allegations of paragraph 93 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant

denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

94. The allegations of paragraph 94 are conclusions of law to which no response is required. Defendant admits that Exhibit 44 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0113-01-0100. Exhibit 44 is the best evidence of its contents.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95.

96. Defendant admits that Exhibit 45 is an Indenture which purports to have conveyed certain property to Trinity Chapel of Sarasota, Inc. on February 15, 1978. Exhibit 45 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 96.

97. The allegations of paragraph 97 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned

and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

98. The allegations of paragraph 98 are conclusions of law to which no response is required. Defendant admits that Exhibit 46 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0060-14-0076. Exhibit 46 is the best evidence of its contents.

99. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 99.

100. Defendant admits that Exhibit 47 is a Warranty Deed which purports to have conveyed certain property to Triple Diamond Commercial Properties, LLC on May 20, 2002. Exhibit 47 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 100.

101. The allegations of paragraph 101 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned

and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

102. The allegations of paragraph 102 are conclusions of law to which no response is required. Defendant admits that Exhibit 48 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0406-11-0007. Exhibit 48 is the best evidence of its contents.

103. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 103.

104. Defendant admits that Exhibit 49 is a Warranty Deed which purports to have conveyed certain property to Venice Plaza, Ltd. on February 14, 1996. Exhibit 49 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 104.

105. With respect to paragraph 105, defendant admits that Exhibit 50 is a survey depicting a property that abuts the Seaboard Coastline Railroad. Exhibit 50 is the best evidence of its contents. The remaining allegations contained in paragraph 105 are conclusions of law to which no response is

required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

106. The allegations of paragraph 106 are conclusions of law to which no response is required. Defendant admits that Exhibit 51 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0407-02-0001. Exhibit 51 is the best evidence of its contents.

107. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 107.

108. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 108.

109. With respect to paragraph 109, defendant admits that Exhibit 53 is a survey depicting a property that abuts the S.A.L.R.R.. Exhibit 53 is the best evidence of its contents. The remaining allegations contained in paragraph 109 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs'

characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

110. The allegations of paragraph 110 are conclusions of law to which no response is required. Defendant admits that Exhibit 54 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0407-11-0007. Exhibit 54 is the best evidence of its contents.

111. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 111.

112. Defendant admits that Exhibit 55 is a Quitclaim Deed which purports to have conveyed certain property to Louis L. Alderman and Lilly L. Alderman on April 14, 1980. Exhibit 55 is the best evidence of its contents. Defendant admits that Exhibit 56 is a certificate of death for Lilly L. Alderman dated April 19, 1983. Exhibit 56 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 112.

113. With respect to paragraph 113, defendant admits that Exhibit 57 is a survey depicting a property that abuts the Seaboard Coast Line Railroad. Exhibit 57 is the best evidence of its contents. The remaining allegations contained in paragraph113 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

114. The allegations of paragraph 114 are conclusions of law to which no response is required. Defendant admits that Exhibit 58 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0071-09-0002. Exhibit 58 is the best evidence of its contents.

115. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 115.

116. Defendant admits that Exhibit 59 is a Warranty Deed which purports to have conveyed certain property to Alexandrine M. Boswell on December 2, 1970. Exhibit 59 is the best evidence of its contents. Defendant is

without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 116.

117. The allegations of paragraph 117 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

118. The allegations of paragraph 118 are conclusions of law to which no response is required. Defendant admits that Exhibit 60 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0061-03-0002. Exhibit 60 is the best evidence of its contents. Defendant admits that Exhibit 61 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0061-03-0004. Exhibit 61 is the best evidence of its contents.

119. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 119.

120. Defendant admits that Exhibit 62 is a Warranty Deed which purports to have conveyed certain property to the Gino L. Cantele and Audrey H.

Cantele Revocable Living Trust Agreement on May 30, 2002. Exhibit 62 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 120.

121. Defendant admits that Exhibit 63 is a certificate of death for Gino Cantele dated June 2, 2004. Exhibit 63 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 121.

122. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 122.

123. Defendant admits that Exhibit 64 is a copy of a document titled Gino L. Cantele and Audrey H. Cantele Revocable Living Trust Agreement. Exhibit 64 is the best evidence of its contents.

124. Defendant admits that Exhibit 65 is a copy of a document titled Acceptance By Successor Personal Representative. Exhibit 65 is the best evidence of its contents. Defendant admits that Exhibit 66 is a copy of a document titled Acceptance By Successor Trustee. Exhibit 66 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations in paragraph 124.

125. Defendant admits that Exhibit 67 is a copy of a document titled Resignation of Personal Representative. Exhibit 67 is the best evidence of its contents. Defendant admits that Exhibit 68 is a copy of a document titled Resignation of Trustee. Exhibit 68 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 125.

126. Defendant admits that Exhibit 69 is a copy of a document titled Settlement Agreement. Exhibit 69 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 126.

127. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 127.

128. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 128.

129. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 129.

130. Defendant admits that Exhibit 70 is a Warranty Deed which purports

to have conveyed certain property owned by Ann C. Converse, Susan J. Beltran and Sandy J. Chesnutt on February 16, 2007. Exhibit 70 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 130.

131. The allegations of paragraph 131 are conclusions of law to which no response is required. Defendant admits that Exhibit 71 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0097-04-0016. Exhibit 71 is the best evidence of its contents.

132. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 132.

133. Defendant admits that Exhibit 72 is a Deed which purports to have conveyed certain property to R.J. Martindale on August 8, 1944. Exhibit 72 is the best evidence of its contents. Defendant admits that Exhibit 73 is an Indenture which purports to have conveyed certain property to R.J. Martindale and Lucille Martindale on April 27, 1955. Exhibit 73 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 133.

134. The allegations of paragraph 134 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

135. The allegations of paragraph 135 are conclusions of law to which no response is required. Defendant admits that Exhibit 74 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0165-09-0032. Exhibit 74 is the best evidence of its contents.

136. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 136.

137. Defendant admits that Exhibit 75 is a Trustee's Deed which purports to have conveyed certain property to Dee A. Deaterly on September 26, 1990. Exhibit 75 is the best evidence of its contents. Defendant admits that Exhibit 76 is a Warranty Deed which purports to have conveyed certain property to Dee A. Deaterly on September 26, 1990. Exhibit 76 is the best evidence of its contents. Defendant admits that Exhibit 77 is a

Quit-Claim Deed which purports to have conveyed certain property to Dee A. Deaterly in September 1990. Exhibit 77 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 137.

138. With respect to paragraph 138, defendant admits that Exhibit 78 is a survey depicting a property that abuts the Seaboard Coast Line R.R.. Exhibit 78 is the best evidence of its contents. The remaining allegations contained in paragraph 138 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

139. The allegations of paragraph 139 are conclusions of law to which no response is required. Defendant admits that Exhibit 79 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0407-10-0012. Exhibit 79 is the best evidence of its contents.

140. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 140.

141. Defendant admits that Exhibit 80 is a Tax Deed which purports to have conveyed certain property to Kelly A. Glausman on July 5, 1996. Exhibit 80 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 141.

142. With respect to paragraph 142, defendant admits that Exhibit 81 is a survey depicting a property that abuts the Seaboard Coast Line R.R.. Exhibit 81 is the best evidence of its contents. The remaining allegations contained in paragraph 142 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

143. The allegations of paragraph 143 are conclusions of law to which no response is required. Defendant admits that Exhibit 82 is a copy of the

Sarasota County Appraiser's Report for a parcel numbered 0406-02-0001. Exhibit 82 is the best evidence of its contents.

144. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 144.

145. Defendant admits that Exhibit 83 is an Indenture which purports to have conveyed certain property to Jay H. Hardy on January 7, 1960. Exhibit 83 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 145.

146. The allegations of paragraph 146 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

147. The allegations of paragraph 147 are conclusions of law to which no response is required. Defendant admits that Exhibit 84 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0164-09-0003.

Exhibit 84 is the best evidence of its contents.

148. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 148.

149. Defendant admits that Exhibit 85 is a Personal Representative's Deed which purports to have conveyed certain property to Faye R. Howard on July 16, 2003. Exhibit 85 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 149.

150. The allegations of paragraph 150 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

151. The allegations of paragraph 151 are conclusions of law to which no response is required. Defendant admits that Exhibit 86 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0164-09-0006. Exhibit 86 is the best evidence of its contents.

152. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 152.

153. Defendant admits that Exhibit 87 is a Warranty Deed which purports to have conveyed certain property to Ronald Milner and M&H Corporation on May 24, 1977. Exhibit 87 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 153.

154. With respect to paragraph 154, defendant admits that Exhibit 88 is a survey depicting a property that abuts the S.C.LR.R.. Exhibit 88 is the best evidence of its contents. The remaining allegations contained in paragraph 154 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

155. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 155.

156. Defendant admits that Exhibit 90 is a Warranty Deed that purports to

convey certain property owned by Ronald V. Miller on August 31, 2004. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 156.

157. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 157.

158. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 158.

159. Defendant admits that Exhibit 92 is a Warranty Deed which purports to have conveyed certain property to Ilene Mirman on March 31, 1999. Exhibit 92 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 159.

160. The allegations of paragraph 160 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

161. The allegations of paragraph 161 are conclusions of law to which no response is required. Defendant admits that Exhibit 93 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0165-01-0007. Exhibit 93 is the best evidence of its contents.

162. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 162.

163. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 163.

164. The allegations of paragraph 164 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

165. The allegations of paragraph 165 are conclusions of law to which no response is required. Defendant admits that Exhibit 98 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0384-05-0001. Exhibit 98 is the best evidence of its contents.

166. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 166.

167. Defendant admits that Exhibit 99 is a Warranty Deed which purports to have conveyed certain property to James H. Wilke and Sharon L. Wilke on February 28, 1977. Exhibit 99 is the best evidence of its contents. Defendant admits that Exhibit 100 is a Warranty Deed which purports to have conveyed certain property to James H. Wilke as trustee on June 28, 1988. Exhibit 100 is the best evidence of its contents. Defendant admits that Exhibit 101 is a copy of a death certificate for James H. Wilke dated January 30, 1989. Exhibit 101 is the best evidence of its contents. Defendant admits that Exhibit 102 is an Indenture which purports to have conveyed 23.73% of certain property to Sharon L. Wilke on October 16, 1990. Exhibit 102 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 167.

168. The allegations of paragraph 168 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been

created. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

169. The allegations of paragraph 169 are conclusions of law to which no response is required. Defendant admits that Exhibit 103 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0070-02-0027. Exhibit 103 is the best evidence of its contents.

170. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 170.

171. Defendant admits that Exhibit 104 is a Quit-Claim Deed which purports to have conveyed certain property to Robert L. Williams on September 6, 2001. Exhibit 104 is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 171.

172. The allegations of paragraph 172 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant denies plaintiffs' characterization that the right-of-way has been abandoned and denies plaintiffs' characterization that a new easement has been created. Defendant is without knowledge or information sufficient to form a

belief as to the truth or falsity of any remaining factual allegations contained in this paragraph.

173. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 173.

174. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 174. Defendant admits that Exhibit 105 is a copy of the Sarasota County Appraiser's Report for a parcel numbered 0383-04-0002. Exhibit 105 is the best evidence of its contents.

175. The United States admits that it has been made defendant in the above-captioned matter.

176. The allegations contained in paragraph 176 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 176.

177. The allegations contained in paragraph 177 are conclusions of law to which no response is required.

178. With respect to the allegations contained in the first sentence of paragraph 178, they are conclusions of law to which no response is

required. With respect to the second sentence of paragraph 178, defendant admits that it accurately quotes, in part, Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381 (Fla. 1910).

179. The allegations contained in paragraph 179 are conclusions of law to which no response is required.

180. Defendant admits that paragraph 180 accurately quotes the easement attached to plaintiffs' Complaint as Exhibit 1. Exhibit 1 is the best evidence of its contents. The remaining allegations of paragraph 180 are conclusions of law to which no response is required.

181. The allegations contained in paragraph 181 are conclusions of law to which no response is required.

182. The allegations of the first sentence of paragraph 182 are conclusions of law to which no response is required. With respect to the second sentence of paragraph 182, defendant admits that it accurately quotes the Trails Act which is the best evidence of its contents.

183. The allegations contained in paragraph 183 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 183.

184. The allegations contained in paragraph 184 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 184.

185. The allegations contained in paragraph 185 are conclusions of law to which no response is required.

186. The allegations contained in paragraph 186 are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied.

187. The allegations contained in paragraph 187 are conclusions of law to which no response is required.

188. The allegations contained in paragraph 188 are conclusions of law to which no response is required.

189. Defendant admits that is has not instituted condemnation proceedings against any of the named plaintiffs and further admits that it has not offered to pay any of the named plaintiffs for the property they allege to have been taken from them. Defendant specifically denies that it has taken property from plaintiffs, and further denies that plaintiffs are entitled to compensation.

190. Paragraph 190 merely realleges paragraphs 1-189; therefore no response is required.

191. The allegations contained in paragraph 191 are conclusions of law to which no response is required.

192. Defendant admits that paragraph 192 accurately quotes the Fifth Amendment. The Fifth Amendment is the best evidence of its contents.

193. The allegations contained in paragraph 193 are conclusions of law to which no response is required.

194. The allegations contained in paragraph 194 are conclusions of law to which no response is required.

195. The allegations contained in paragraph 195 are conclusions of law to which no response is required. Defendant specifically denies that there has been a taking.

196. Defendant admits that the Tucker Act contains the language quoted in paragraph 196. Defendant admits that the Tucker Act is the principle statute conferring jurisdiction upon this Court.

197. Defendant admits that paragraph 197 accurately quotes the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) which is the best evidence of its contents.

198. The allegations contained in paragraph 198 are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied. Defendant specifically denies it has taken plaintiffs' property.

Specific Relief Requested

1. Paragraph 1 is plaintiffs' demand for relief to which no response is required.
2. Paragraph 2 continues plaintiffs' demand for relief to which no response is required.
3. Paragraph 3 continues plaintiffs' demand for relief to which no response is required.
4. Paragraph 4 continues plaintiffs' demand for relief to which no response is required.
5. Paragraph 5 continues plaintiffs' demand for relief to which no response is required.

All allegations of the Amended Complaint that have not been specifically admitted, denied or otherwise answered are hereby denied.

## AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a claim for which relief can be granted.

WHEREFORE, defendant requests that this Court dismiss this action, deny in all respects the relief sought by plaintiffs, enter judgment for the defendant, and grant defendant such other relief as the Court may deem just and proper.

Respectfully submitted this 28th day of May, 2008,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
William Shapiro
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

Counsel for the Defendant.

Of Counsel:
Evelyn Kitay
Surface Transportation Board
Washington, DC