**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BAY PLAZA, LLC., et al., | ) | |
| | ) | No. 08-198 |
| Plaintiffs, | ) | |
| | ) | Hon. Lawrence M. Baskir |
| vs. | ) | |
| | ) | ADR Judge: Hon. Marian |
| THE UNITED STATES OF | ) | Blank Horn |
| AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

The parties herein submit this Joint Preliminary Status Report pursuant to Appendix A § III of the Rules of the Court of Federal Claims (“RCFC”). The parties also hereby inform the Court that Plaintiffs' counsel and counsel for the United States have previously discussed this case pursuant to RCFC Appendix A § II. Where the parties have been unable to reach agreement on a joint statement, separate statements by Plaintiffs and the United States are provided.

**Paragraph 4.a. Jurisdiction**

Plaintiffs allege a violation of the Fifth Amendment arising out of the application of 16 U.S.C. § 1247(d) (the "Trails Act"), and the Surface Transportation Board's ("STB's") issuance of a Decision and Notice of Interim Trail Use or Abandonment ("NITU") on April 2, 2004.

Defendant agrees that if Plaintiffs can establish the necessary facts, the Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1491.

**Paragraph 4.b. Consolidation**

RCFC Rule 40.2 (b)(1) provides that, "[w]henever it appears to a party that there are two or more cases before the court that present common issues of fact and that transfer, consolidation, or the adoption of a coordinated discovery schedule would significantly promote the efficient administration of justice, the party may file a Notice of Indirectly Related Case(s)."

On March 21, 2008, Plaintiffs filed a Notice of Indirectly Related Case Pursuant to Rule 40.2(b) identifying this case as a related matter to *Rogers v. United States*, Case No. 07-273 (Fed. Cl. filed May 1, 2007), and *Bird Bay v. United States*, Case No. 07-426 (Fed Cl. filed June 27, 2007). *Rogers* and *Bird Bay* were previously consolidated for determination of the issue of the government's liability and both are currently pending before Judge Williams.

The parties are in agreement that this case should also be consolidated with *Rogers* and *Bird Bay* for determination of the issue of liability. The *Rogers* case, which has been certified as a class

action, involves thirteen named plaintiffs and approximately 320 opt-in class members. The *Bird Bay* case involves eight plaintiffs who did not wish to participate as named plaintiffs in the *Rogers* class action. Likewise, this case involves thirty-three plaintiffs who did not want to participate as opt-in class members in *Rogers*.

The plaintiffs in all three cases – *Bay Plaza*, *Rogers*, and *Bird Bay* – have filed a Fifth Amendment takings claim for compensation related to the same event. To wit: the STB's issuance of its April 2, 2004 NITU pursuant to the Trails Act. The Plaintiffs claim that the issuance of the NITU took an interest in their property by precluding their reversionary rights to their property under Florida law and by imposing a new easement for current public-access recreational trail use of their property and a new easement for possible future reactivation as a railroad. The United States has answered Plaintiffs' complaint and denies that any taking has occurred. The plaintiffs in both *Rogers* and *Bird Bay* own land physically located along the same railroad corridor that is involved in the instant matter.

The liability issues involved in this case and in *Rogers* and *Bird Bay* are expected to be substantively similar. It is further likely that some (or all) of the experts involved in any valuation of the property in

*Rogers* and *Bird Bay* and the immediate matter will also be common. Given these similarities, the parties agree that the efficient administration of justice would be served by having this case consolidated with *Rogers* and *Bird Bay* for determination of the question of the government's liability, if any.

**Paragraph 4.c. Bifurcation**

The parties agree that this case should be bifurcated into a liability phase and a valuation phase.

**Paragraph 4.d. Deferral of Case**

The parties do not believe this case should be deferred and the parties are not aware of any case pending before this Court which would necessitate the deferral of this action.

**Paragraph 4.e. Remand or Suspension**

The parties are not seeking a remand or suspension.

**Paragraph 4.f. Additional Parties**

At this time, the parties do not anticipate joining additional parties.

**Paragraph 4.g. Dispositive Motions and Proposed Schedule**

Plaintiffs' Statement:

On March 26, 2008, the Plaintiffs filed a Rule 56 Motion for Partial Summary Judgment (Docket No. 9) on the issue of the government's liability for taking the Plaintiffs' property and the issue of what interest the railroad had to use the property subject to the NITU under Florida law and the terms of the relevant conveyance instruments and whether the scope of this easement did or did not include the right to use the property for a recreational public-access trail.

A similar Rule 56 Motion for Partial Summary Judgment was also filed by the Plaintiffs in *Rogers* and *Bird Bay*. After these motions were filed, the *Bird Bay* case was transferred from Judge Bush to Judge Williams as Judge Williams was assigned to the earlier filed case, *Rogers*. Judge Williams subsequently consolidated *Rogers* and *Bird Bay* for briefing on the government's liability. The government filed its Cross-Motion for Summary Judgment on June 6, 2008 and the Plaintiffs response is currently due on July 25, 2008.

The Rule 56 Motions for Partial Summary Judgment filed by the Plaintiffs in this case as well as in *Rogers* and *Bird Bay* are

substantively identical in all respects other than the specific deeds by which each of the named Plaintiffs obtained their respective title to their property.

As such, Plaintiffs suggest that this case follow the same summary judgment briefing schedule as is currently pending in *Rogers* and *Bird Bay*.

The United States' Statement:

In *Rogers*, the parties are in the midst of briefing liability issues as they relate to the named plaintiffs in *Rogers* and *Bird Bay*. The issues analyzed in that briefing are potentially relevant to the claims of the Plaintiffs in this matter.

One of the Court's key tasks in a Rails-to-Trails case is construing the original deeds granting the right-of-way to the railroad that established the particular trail at issue in the matter. In fact, this construction of deeds is the focus of the ongoing briefing in *Rogers*. In this case there are eleven potentially relevant original granting deeds to be construed. The briefing ongoing before Judge Williams in *Rogers* will only resolve liability issues as to three of the original granting deeds, leaving eight original granting deeds yet to be construed. To the extent the claims of Plaintiffs in this action are

addressed in the ongoing *Rogers* briefing, because such Plaintiffs' titles accrue from one of the three original source deeds being construed in the *Rogers* briefing, Defendant does not believe that any further briefing will be necessary. To the extent the claims of Plaintiffs in this action have not been addressed in the ongoing *Rogers* briefing, because such Plaintiffs' titles accrue from an original source deed not construed in the *Rogers* briefing, Defendant believes that such briefing should be combined, or coordinated, with the additional briefing that will occur in *Rogers*. Judge Williams has not yet set a schedule for additional briefing to construe the remaining original granting deeds.

If this Court is not inclined to combine the briefing in this matter with the briefing ongoing in *Rogers*, it is the United States' position that this Court should stay all action on Plaintiffs' liability-related briefing *in this matter* until after ninety (90) days has been allowed for discovery. <u>See</u> <u>infra</u> ¶ 5.

The United States also notes that Plaintiffs' currently-pending motion for partial summary judgment in this matter was filed in derogation of RCFC 56(a) and this Court's special procedures order.

**Paragraph 4.h. Relevant Issues**

Plaintiffs' Statement:

The Plaintiffs believe that the relevant factual and legal issues are stated as follows:

1. Under Florida law and the terms of the relevant conveyance instruments, what was the nature of the interest originally acquired by the railroad company and, correspondingly, the nature of the interest retained by the original grantors, if any?

2. If the railroad obtained only an easement or license to use the Plaintiff's property for operation of a railroad, under the terms of the relevant conveyance instruments and Florida law, has that easement been abandoned by the railroad or otherwise extinguished by operation of Florida law and the terms of the relevant conveyance instruments?

3. Under Florida law and the terms of the relevant conveyance instruments, did the railroad's right to use property owned by the Plaintiffs include the right to convey the property to a non-railroad for use as a public access recreational trail?

4. Under Florida law, were the plaintiffs the owners of an interest in property subject to the NITU on April 2, 2004, the date on

which the STB issued the NITU? (See, *Caldwell v. United States*, 391 F3d 1226 (Fed. Cir., 2004), *Barclay v. United States*, 443 F 3d. 1368 (Fed. Cir. 2006)).

5. Did the STB's issuance of a NITU pursuant to the Trails Act result in the taking of an interest in property owned by Plaintiffs under Florida law? (See, *Preseault v. United States*, 494 U.S. 1 (1990), *Preseault v. United States*, 100 F 3d 1525 (Fed. Cir. 1996).)

6. If the Court determines that there has been a taking of Plaintiffs' interest in their property, what is the amount of "just compensation" due to each Plaintiff under the Fifth Amendment for the value of the Plaintiffs' property taken, as valued on the date of taking?

7. If the Court determines that there has been a taking of Plaintiff's interest in their property, what is the amount of "just compensation" due each Plaintiff under the Fifth Amendment for the delay between the date the Plaintiff's property was taken and the date the government finally pays compensation for the value of the property that was taken?

8. If the Court determines that there has been a taking of Plaintiff's interest in their property, what amount of "costs,

disbursements and expenses, including reasonable attorney, appraisal and engineering fees," are owed the Plaintiffs pursuant to the Uniform Relocation Assistance and Real property Acquisition Policies Act of 1970, 42 U.S.C. §4654 (c)?

The United States' Statement:

The United States agrees with Plaintiffs' stated issues numbered 1, 2 and 4. Defendant disagrees with Plaintiffs' stated issues numbered 3, 6, 7 and 8 and submits the following issue statement:

1. If the railroad obtained an easement or defeasible fee interest, does interim trail use or railbanking go beyond the scope of that easement or defeasible fee interest?

2. If the Court determines that the United States is liable for an unconstitutional taking, what amount of compensation are Plaintiffs due?

**Paragraph 4.i. Likelihood of Settlement and Contemplation of ADR**

The parties agree that further exploration of the facts is necessary before they can determine the likelihood of settlement. The parties further agree that they will consider the possible use of

alternative dispute resolution procedures after exploration of the underlying facts.

**Paragraph 4.j. Likelihood of Trial**

At this time, the parties do not believe that a trial will be necessary to determine the United States' liability. The parties do not believe an expedited trial schedule is appropriate for this case. If a trial is necessary, the parties jointly request that such trial be held in Florida, at a location in or near Sarasota County.

**Paragraph 4.k. Electronic Case Management Needs**

The parties are not aware of any special issues regarding electronic case management needs that the Court should be aware of at this time.

**Paragraph 4.l. Other Information**

The parties are not aware of any other information of which the Court should be aware at this time.

**Paragraph 5. Discovery Plan**

Plaintiffs' Statement:

Plaintiffs believe that no additional discovery is needed at this time. Judge Williams previously granted the government's request for additional discovery pursuant to RCFC 56(f) resulting in a 6 month

enlargement for the completion of discovery. The parties have now concluded discovery on the issue of the government's liability and the parties' motions for summary judgment on this issue are currently pending.

The parties have, however, agreed to extend the discovery schedule for the opt-in class members until after the government's liability is determined. The parties would suggest a similar discovery period for this case. If this case were consolidated with *Rogers* and *Bird Bay*, the parties could engage in limited discovery immediately after the liability is determined. This would allow the issue of liability to be determined without the parties engaging in lengthy and costly discovery.

Should this Court find that the government has taken an interest in the Plaintiffs' property, the Plaintiff's propose that within 15 days of that decision the parties submit to the Court a proposed Joint Status Report proposing timeframes for discovery related to property valuation and damages.

<u>The United States' Statement:</u>

If this matter is not combined with the ongoing briefing in *Rogers* before Judge Williams, the United States believes that ninety

(90) days discovery on the question of liability should be allowed in this matter. The Plaintiffs in this case are distinct and separate from those in *Rogers* and *Bird Bay* and Defendant should be allotted time to investigate their claims thorough discovery. Furthermore, in this case, unlike the class action setting in *Rogers*, Defendant is aware of the Plaintiffs' identities and believes that it should be given time to propound discovery prior to responding to Plaintiffs' motion for partial summary judgment. Building this discovery time into the schedule at this stage will preserve judicial and attorney resources by obviating the need for the United States to file a motion seeking discovery pursuant to RCFC 56(f). Defendant proposes that it be given ninety (90) days from the date of the Initial Status Conference to conduct its discovery in this matter.

This Joint Preliminary Status Report has been jointly prepared by the parties.

Respectfully submitted by Defendant on behalf of the parties this 15th day of July, 2008,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural
Resources Division

/s/ Mark T. Romley
MARK T. ROMLEY
WILLIAM J. SHAPIRO
Trial Attorneys
Natural Resources Section
Environment & Natural
Resources Division
United States Department
of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

ATTORNEYS FOR DEFENDANT

LATHROP & GAGE L.C.

/s/ Mark F. (Thor) Hearne, II
MARK F. (THOR) HEARNE, II
LINDSAY S.C. BRINTON
MEGHAN S. LARGENT
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
Telephone: (314) 613-2500
Fax: (314) 613-2550
Thornet@ix.netcom.com

ATTORNEYS FOR PLAINTIFFS